PICKENS v. SPARKS.

STATUTE OF LIMITATIONS:   *Replevin.*

The statute of limitations in actions of replevin is three years, and begins at the date of the defendant's possession of the property, and not at the time of the plaintiff's demand for it.

APPEAL from *Arkansas* Circuit Court.
Hon. J. A. WILLIAMS, Circuit Judge.

*Gibson & Holt* for appellant.

Three years' adverse possession of personal property,

with or without the knowledge of the plaintiff, vests the absolute title in the defendant. *Gantt's Digest, sec. 4120; 18 Ark., 384; 21 Ib., 463; 22 Ib., 134.*

EAKIN, J. Replevin for a mare, begun on the twenty-ninth of September, 1881, by Sparks against Pickens. Judgment for plaintiff, bill of exceptions and appeal by Pickens.

The evidence showed that she had belonged to Sparks as a colt; that he had lost her on the prairie, in the year 1877, and in 1881, a short time before the commencement of the suit, had found her in possession of defendant, using and claiming her as his own. The defendant had bought the mare from a third party in July or August, 1877, and had since then held and used her as his property.

Statute of limitations three years. The questions arise on instructions regarding the statute of limitations, which had been pleaded. Against objections of defendant the court instructed for plaintiff that the right of action in replevin accrues upon the refusal of the defendant to surrender the property on demand, or when the defendant, *with the knowledge of the plaintiff*, exercises over it rights of ownership. Such an instruction might be proper in case of a bailment, understanding rights of ownership to mean such acts and claims as might be inconsistent with a recognition of the owner's title and right of possession; but it does not apply to one not in privity with the owner, obtaining possession without the owner's consent or authority, and claiming the property as his own. The statute begins to run with the possession. Even in case of a bailee the knowledge by the owner of such adverse holding need not be actual. It may be presumed as a fact from open and notorious claim and use, evidenced by acts utterly inconsistent with the owner's

claim. (See, among many other cases in our Reports, *Spencer v. McDonald et al., 22 Ark., 466.*) In such cases no demand is necessary to a suit. The instruction was erroneous. Proper instructions were also refused for defendant, but they involve the same point.

The statute of limitation was three years. More than that time, before suit, had elapsed since the purchase by defendant.

Reverse and remand for a new trial.