## CHANDLER v. NEIGHBORS.

STATUTE OF LIMITATIONS: *After disability removed.*

Where seven years have elapsed since the right of action for land accrued, and three of those years have been free from disability, the right of entry or of action is barred.

APPEAL from *Hot Springs* Circuit Court.

Hon. J. B. WOOD, Circuit Judge.

*Compton & Fuller* for appellant.

1. Parol proof not admissible to show that a greater number of acres was conveyed than described in the deed. *33 Ark., 151.*

2. The third instruction for defendant is in direct conflict with the law, as applicable to this case. *Ib.*

3. Appellee estopped from claiming any interest by his express disclaimer. *39 Ark., 131; 9 Cal., 204.*

4. The verdict contrary to the evidence. The description contained in the deed was the only evidence that could be properly resorted to.

*Curl & Hughes* for appellee.

The survey by Tolley in 1857 or '58, and the adverse occupation, with the acquiescence of the then claimants, are proved beyond question, as well as such facts can be proved after the lapse of so long a time. They were proved to the satisfaction of the jury. They found against appellants, and this court will not disturb the verdict on mere weight of evidence, or where there is a conflict.

2. Ordinarily when one enters upon land without color of title, his possession will only extend to so much as he actually occupies or incloses, but this is not always so. *6 Ind., 273 and 277-8; Tyler on Eject. and Ad. Pos., pp. 99 and 100; 1 Caines R., 358, 903; 19 N. Y., 290; 16 Wend., N. Y., 302-3.*

3. As to the lapse of time necessary to constitute a bar by limitation. *Gantt's Digest, sec. 4113; Mansfield's Digest, sec. 4471.*

SMITH, J. This was ejectment to recover a strip of fifteen or twenty acres in the western part of north half of southeast quarter of section 6, township 5 south, range 19 west. The plaintiff showed a *prima facie* title in himself to the whole tract of eighty acres, of which this strip was a part. The defendant, who was the owner of the adjoining tract on the west, relied upon adverse possession of the land in controversy, continued for such a length of time as to confer a title under the statutes of limitation. To sustain this plea, he introduced the patent deed made by the United States, in the year 1857, to Smith Sullivan, for the southwest quarter of said section, and proved that in the same year the deputy county surveyor of the county had run the line between the two quarters, locating this land west of the line; and it was claimed that subsequent proprietors of both tracts had acquiesced in this survey, and

had occupied and improved with reference to the supposed line. And the Circuit Court instructed the jury that, if they found these facts to be true, their verdict should be for the defendant. But the difficulty on this point is, that when the survey of 1857 was made, the east half of section 6 belonged to the General Government, not having been patented until 1859. And there was no proof that the original patentee, or any one holding under him, had ever assented to the line then traced as the correct boundary.

The improvements upon the land in dispute were made by one Holstein, after his purchase of the southwest quarter, in the year 1872. But at that time two of the three owners of the land adjoining on the east were infants. One of these became of age in March, 1880, less than three years before the commencement of this action. And another was still younger. Consequently the verdict, which was favorable to the defendant, was to this extent without evidence to support it. The proper construction of section 4113 of Gantt's Digest is, that when seven years have elapsed since the cause of action accrued, and three of those years have been free from disability, the right of entry or of action is tolled. *Jackson v. Johnson, 5 Cowen, 74; Willson v. Betts, 4 Denio, 201; Gray v. Yates, 67 Mo., 601.*

Reversed and remanded for a new trial.