## Fox *v.* Drewry.

### Opinion delivered April 18, 1896.

INFANT FEME COVERT—DISAFFIRMANCE OF CONVEYANCE.—An infant married woman conveying her land may disaffirm the deed during coverture.

STATUTE—REPEAL BY IMPLICATION.—The act of April 28, 1873, authorizing married women to sue alone, does not by implication repeal the saving clause in their favor in the seven-years statue of limitation.

DISAFFIRMANCE OF CONTRACT — ESTOPPEL. — Where an infant *feme covert* conveyed her land, and lived near it for eight years after becoming of age, without asserting title to it, though it was being held adversely under claim of title by one who purchased from her vendee, she is not estopped by laches from disaffirming the contract, if the party in possession had made no valuable improvements on the land.

SAME—RETURN OF CONSIDERATION.—Where land of an infant married woman was held by herself and her husband, and he received and spent the purchase money, she is not bound to return it before suing to disaffirm the conveyance, especially where she was not able to do so.

Appeal from Searcy Circuit Court in Chancery.

B. B. HUDGINS, Judge.

### STATEMENT BY THE COURT.

This is an appeal from a judgment adverse to appellant in a suit in ejectment for the recovery of lands devised to her by the will of her father. Appellant and her husband, who was living at the time of the institution of this suit, and from whom she had not been divorced, conveyed the lands by deed to one McMahan, who conveyed to the appellee. At the date of the said conveyance by the appellant, she was under the age of eighteen years, and was a married woman. She was therefore incompetent to convey her real estate, being an infant. This suit was begun on the 31st of August, 1891. The date of her conveyance to McMahan was 19th of April, 1875. The date of McMahan's conveyance to the appellee was 13th day of June, 1876. Upon her purchase the appellee took immediate possession, and before the institution of this suit had held the lands for about seventeen years, claiming to own them, and had appropriated the rents and profits, acknowledging accountability to no one, and intending to hold for herself only, and adversely to all others. The appellee pleads the seven years' statute of limitations as a bar to the action, and insists also that plaintiff was barred by laches.

The evidence shows that, for eight years before the institution of this suit, the appellant had lived within five miles of this land, knew that appellee was in possession and claimed to own it, and that she had not, prior to the commencement of this suit, made any claim to the land since her conveyance, of which appellee or any one knew; that there were eight acres of land in cultivation when the appellant conveyed, and no additional improvements had been made, when this suit was

brought.    No offer to return purchase money was made by appellant, and the evidence tends to show that her husband received the purchase money, and expended it before she was eigteen years of age, and that she was unable to refund it.    No act of ratification by her is shown.    She had only refrained from bringing suit to assert her right to the land; had only remained silent and inert.

*W. F. Pace*, for appellant.

1.    While this cause was transferred to equity, it did not change the nature of the action, nor authorize the court to apply other than principles governing actions at law, unless appellee set up some equitable defense.    None was set up.    26 Ark. 59; 31 *id.* 605.

2.    The demurrer should have been sustained to the answer, and to each paragraph thereof.    A general denial is no answer in ejectment.    43 Ark. 296; 52 *id.* 290.    Abandonment by the husband does not remove a wife's disability.    8 Ark. 36.

3.    An infant can disaffirm without restoring the consideration.    44 Ark. 296; 51 *id.* 299.

4.    At the time of the execution of the deed appellant was both an infant and a *feme covert*.    The disability of coverture *still exists*.    Mansf. Dig., sec. 4471, 4503; 24 Ark. 494.

5.    The act of April 28, 1873, for the protection of married women, does not, by implication, repeal the saving clause of the Digest, sec. 4471.    42 Ark. 307; 51 Me. 305; 50 Cal. 303; 83 Ill. 172; 93 U. S. 674; 52 Barb. 146; 72 N. C. 551; 51 Ark. 298; 47 *id.* 562.

6.    Appellant is not estopped by mere silence or failure to disaffirm, while covert.    Const., art. 9, sec. 7; 39 Ark. 357; 44 *id.* 158; 51 *id* 298.

Right of
*feme covert* to
disaffirm
conveyance.    HUGHES, J., (after stating the facts.)    At the time the appellant conveyed the land in controversy, she was

an infant *feme covert*, and was remaining under the disability of coverture, when she commenced this suit. Was she barred by the seven-years statute of limitations or by laches?

The statute of limitations in this state allows a married woman three years *after* she becomes *discovert* within which to commence her action. *Hershy* v. *Latham*, 42 Ark. 307; *McKneely* v. *Terry*, 61 Ark. 527. But "where seven years have elapsed since the right of action for land accrued, and three of these years have been free from disability, the right of entry or of action is barred." *Chandler* v. *Neighbors*, 44 Ark. 479.

The act of April 28, 1873, which authorizes married women to sue alone, and in their own names, does not repeal by implication the saving clause in their favor in the statute of limitations. *Hershy* v. *Latham*, 42 Ark. 305; *Stull* v. *Harris*, 51 Ark. 297.

A married woman may be estopped to claim real estate. But mere silence or inertness will not suffice to work an estoppel. *Sims* v. *Everhardt*, 102 U. S. 300. "Mere submission to the injury for any time short of the period limited by statute for the enforcement of the right of action cannot take away such right, although, under the name of laches, it may afford a ground for refusing relief under some peculiar circumstances. *De Bussche* v. *Alt*, L. R. 8 Ch. Div. 286, 314. Unless in some way the party relying upon an estoppel is put at disadvantage by the action of the party sought to be estopped, it will not be available. Of course, if one stand by, without making his claim known, and see another make permanent and valuable improvements upon land, knowing that the party improving claims to own it, he will afterwards be estopped to enforce his claim, for his silence in such a case would imply consent. If the doctrine of laches could apply in an action at law, which this really was,

*Statute allowing disaffirmance not repealed.*

*When married woman not estopped to disaffirm.*

though it was transferred to the equity docket, there is no sufficient evidence in this case to support it.

*When unnecessary to return consideration.* As the purchase money paid for the land in this case was received by appellant's husband, and expended by him while she was an infant, she was not required to offer to return it. The evidence tends to show she was not able to do so. *St. L., I. M. & S. Ry. Co.* v. *Higgins*, 44 Ark. 296; *Stull* v. *Harris*, 51 Ark. 299.

The judgment is reversed, and the cause is remanded for a new trial.