## ROWLAND v. TAYLOR.

### Opinion delivered May 20, 1918.

1. LEGITIMACY—SUFFICIENCY OF PROOF.—Appellee claimed to be the child of A. and B., and as such entitled to inheritance in the lands of A., her father. The evidence showed that A. and B. were former slaves, and were married in 1866, that appellee had always lived with them and was treated by them as their child. *Held,* the finding of the chancellor that appellee was the child of A. and B. would not be disturbed on appeal.

2. LIMITATIONS—MARRIED WOMAN.—The right of a married woman to assert her claim of inheritance in lands of her deceased father held not barred by limitations or laches.

3. LACHES—MORTGAGED LAND—CLAIM OF WIDOW.—A. and B. were husband and wife; A. owned certain land and mortgaged it to R., B. refusing to join in the execution, but repudiating any interest in the land. After A.'s death one M., a son of A. and B., deeded the land to R. to satisfy R.'s claim. B. knew of this, but failed to object. *Held,* B.'s dower and homestead rights were barred by laches.

Appeal from Union Chancery Court; *Jas. M. Barker,* Chancellor; affirmed.

*Mahony & Mahony, J. B. Trimble* and *Chas. Jacobson,* for appellants.

1. The overwhelming preponderance of the evidence is that George and Francis Maine were never married; that Mollie Taylor was not their child. But, conceding the marriage, Frances was not entitled to dower. K. & C. Dig. § 2934; 111 Ark. 305; 103 S. W. 521; 14 Cyc. 962;

29 Ark. 650. She is barred. 22 *Id.* 263; 40 *Id.* 283; 33 *Id.* 296.

2. Mollie Taylor is barred by limitation if she is an heir. 62 Ark. 313; 35 S. W. 533; 65 Ark. 68; 44 S. W. 1032; 189 *Id.* 182. Frances lost her rights by laches and limitation. She abandoned any right she had.

*McRae & Tompkins,* for appellees.

1. The testimony fairly predominates that George and Frances were married, and that Mollie Taylor was their child. The chancellor so found. But lawful marriage was immaterial. The parents lived and cohabited as man and wife and recognized Mollie as their child. Act Feb. 6, 1867; 120 Ark. 209; 32 *Id.* 205; 38 *Id.* 487. The proof shows marriage by Bailey George, a preacher.

2. The date of Mollie's birth is not material. Kirby's Dig. § 2639. She was a legitimate child. *Ib;* 115 Fed. 135; 6 How. (U. S.) 589; 117 Ark. 113, 117; 36 L. R. A. (N. S.) 255. The evidence as to impotency of George is the rankest hearsay. 72 Am. Dec. 644; 117 Ark. 113. See also 5 Am. Dec. 497; 13 *Id.* 713. Proof of adultery is not sufficient to rebut the presumption of legitimacy. 72 N. H. 591; 23 Am. Dec. 778; 48 Am. St. 489.

3. Appellants are barred by limitation. Both were married women. Kirby's Dig. § 5056; 129 Ark. 93; 62 *Id.* 316. Nor are they barred by laches. 1 Pom. Eq. Rem. § 21; 114 Ark. 365; 70 *Id.* 371; 67 *Id.* 320; 89 *Id.* 19, 24; *Taylor* v. *Leonard,* 94 Ark. 122; 96 *Id.* 545; 96 *Id.* 441; 126 *Id.* 86, 93.

4. Dr. Rowland was a co-tenant, and no notice of an adverse claim was brought home to appellees and the statute did not begin to run. 99 Ark. 451; 117 *Id.* 428; 102 *Id.* 616; 83 *Id.* 74.

5. Frances never abandoned nor forfeited her homestead rights. 65 Ark. 251.

HART, J. Frances Maine, the widow, and Mollie Taylor, one of the heirs at law of George Maine, deceased, brought this suit in equity against E. F. Rowland and J. A. Rowland to recover the homestead and dower interest of the widow, and the undivided one-half interest of the

heir to 160 acres of land in Union County, Arkansas, which was the homestead of George Maine. The suit was defended on the ground that Frances Maine was not the widow and that Mollie Taylor was not one of the heirs at law of George Maine, deceased, and, also, that if they should be decreed to be such widow and heir at law that they were barred by reason of the statute of limitations and laches.

According to the undisputed evidence, George and Frances Maine had been slaves. Shortly after the Civil War ended, August Tomlinson, the former owner of George Maine, moved from Union County to Ashley County, Arkansas, and lived there for about a year. George Maine either went with him or followed him in a short time. When Tomlinson returned to Union County after making one crop in Ashley County, George Maine and Frances Maine returned with him. They brought Mollie Taylor with them and her age at the time is variously estimated from 10 months to two or three years. In about two and one-half years after this, August Maine was born. Two other children were born while George and Frances Maine lived together. Some time before 1893, George Maine donated the 160 acres of land in controversy from the State of Arkansas. Frances Maine lived there with him for several years. One of their children became afflicted and Frances Maine moved to town and took care of her until she died. August Maine remained on the farm until his father George Maine died. In the meantime the other child had died so that there only remained August Maine and Mollie Taylor, who claimed to be the children and heirs at law of George Maine. George Maine became indebted to Dr. E. F. Rowland and gave him a mortgage on the place. Frances Maine did not sign the mortgage. In 1905, after the death of George Maine, Dr. Rowland took a deed to the land from August Maine. He did not then know that Mollie Taylor claimed to be one of the children of George Maine. Frances Maine knew of the deed which was executed by August Maine to Dr. Rowland. She expressly

stated that she had no interest in the land and would not assert any claim of any kind to it. Mollie Taylor is now, and was at the time George Maine died, a married woman. Dr. Rowland entered into the possession of the land under the deed from August Maine and made valuable improvements on it, relying on the statement of Frances Maine that she had no interest in the land.

The chancellor found that Frances Maine was the widow and that Mollie Taylor was one of the heirs at law of George Maine deceased; that Frances Maine was barred of her claim for homestead and dower in the land by laches; that Mollie Taylor was entitled to an undivided one-half interest in the land as one of the two surviving heirs at law of George Maine, deceased; that she was entitled as such heir at law to have partition of the land. A decree was entered of record in accordance with the findings of the chancellor. The defendants have appealed and the plaintiff, Frances Maine, has prayed a cross-appeal.

It is earnestly insisted that the findings of fact made by the chancellor are against the preponderance of the evidence. The deposition of Frances Maine was taken on the 10th day of May, 1917. According to her testimony she was seventy years of age and was born in the El Dorado country, in Arkansas. She was married to George Maine in the fall of 1866, by a negro preacher named Bailey George in Ashley County, Arkansas. Mollie Taylor was born ten months thereafter. They lived with Mr. August Tomlinson and went back to Union County with him in the latter part of 1867. About two years and one half thereafter, August Maine was born. Then two other children were born, both of whom died before their father. Frances Maine lived with George Maine on the land in controversy for several years after he donated it from the State. She then went to a town near by to cook and to take care of her afflicted daughter. She would go back and forth to visit her husband, and denies that she was separated from him. She continued to reside in town however after her daughter Rosa died, but would

return to the farm occasionally to visit her husband. She went back there about a week before he died and remained with him until his death.

According to the testimony of Mollie Taylor, George Maine always treated her as one of his children and she so regarded herself. She married in 1880, and is still living with her husband. August Maine corroborated her testimony and stated that his father up to the time of his death always spoke of Mollie and treated her as one of his children.

The deposition of Henry Payne was also taken in May, 1917. According to his testimony he was 75 years old. He knew Frances Maine while she was a slave. She then lived in Union County and afterwards moved to Ashley County. She came back to Union County in the latter part of 1867, with George Maine and lived with him as his wife many years. At the time they came back to Union County, Mollie Taylor was a baby and they spoke of and treated her as their child. Other witnesses also testified that George and Frances Maine lived together as husband and wife and treated Mollie Taylor as one of their children.

On the other hand several witnesses testified that Frances Maine had always borne a bad reputation for morality and that when she left her husband she lived with a negro preacher in a town near by. Several other witnesses also testified that Mollie appeared to be two or three years old when she was brought to Union County in the latter part of 1867. The marriage record shows that Mollie Taylor was married in the year 1880, and her age was stated to be 18 years.

(1-2)   It is earnestly insisted by counsel for the defendants that a clear preponderance of the evidence shows that Mollie Taylor was two or three years of age when she was brought to Union County in the latter part of 1867. Hence they urged that she could not have been the child of George Maine because the practically undisputed evidence shows that he went to Ashley County with August Tomlinson and did not stay there more than one

year when they returned to Union County. We do not agree with counsel in this contention. It is true that several witnesses testified that Mollie Taylor was two or three years old when she was first brought to Union County but these witnesses were very young at that time and admitted that their recollections could not be very accurate on that account. One of them was not more than seven years of age. It is true she was the daughter of August Tomlinson and no doubt had a definite recollection about Mollie Taylor all her life but she could not at that early age have recollected with accuracy the difference between her age and that of Mollie Taylor. A relative of August Tomlinson also testified that Mollie Taylor was about three years old when she was brought to Union County but he was only ten years of age at the time and had no occasion to keep in mind, during all the intervening years, her age. The recitation in the marriage license that Mollie Taylor was 18 years old when she was married in 1880 was entitled to no probative force whatever. It is not shown that she was present or had anything whatever to do with the application or issuance of the license. The testimony in the case is very voluminous and we have not attempted a detailed statement of it. We have carefully considered it, however, and are of the opinion when it is all read and considered together that the finding of the chancellor is not against the preponderance of the evidence. All of the witnesses agree that there was a negro preacher in that county at that time named Bailey George and that George and Frances Maine returned to Union County together and brought Mollie Taylor with them. We think a decided preponderance of the evidence shows that they lived together as husband and wife after their return and considered Mollie Taylor as their own child. While some of the witnesses testified that Mollie Taylor was two or three years old when they returned and must have been born before George Maine went to Ashley County, we think that it can not be said that the chancellor erred in holding that on account of their extreme youth at the

time, and the further fact that they had no interest in keeping the matter in mind, that their testimony did not overcome the positive testimony of the witnesses for the plaintiffs.

Moreover, two of the witnesses testified that Frances Maine lived in Union County while a slave and before she moved to Ashley County and that she at that time knew George Maine. So it may be fairly assumed that, even if Mollie Taylor was of the age testified to by the witnesses for the defendants, she was begotten by George Maine in Union County before either he or Frances Maine went to Ashley County. This is shown by the fact that they always spoke of and treated Mollie as their own child. So under section 2639 of Kirby's Digest she would be considered as the legitimate child of George and Frances Maine, even if she had been born before they married. Mollie Taylor married before her father died, and has remained a married woman ever since. Hence the statute of limitations does not bar her right to recover in this case. *Reaves* v. *Davidson,* 129 Ark. 88, and *Fox* v. *Drewry,* 62 Ark. 316. Neither is she barred by laches. There is nothing in the evidence in this case which shows that the defendants have been led into changing their condition in respect to the land so that it would be inequitable to allow Mollie Taylor to be preferred upon her legal right. *Reaves* v. *Davidson, supra,* and *Fox* v. *Drewry, supra.*

(3) Upon the cross-appeal but little need be said. Frances Maine knew that Dr. Rowland had a mortgage on the land executed by her husband in his lifetime. She knew that the deed from August Maine to Dr. Rowland was executed for the purpose of settling this claim and, also, a debt which August Maine owed Dr. Rowland. Under these circumstances it was her duty to speak if she intended to assert her right of dower and homestead against the land. Not having done so and having permitted Dr. Rowland to take possession of the land and make improvements upon it upon the faith that she had no claim therein, she can not, after this length of time,

assert any claim to the land and is barred of recovery under the doctrine of laches.

It follows that the decree will be affirmed.