ARKANSAS REO MOTOR CAR COMPANY v. GOODLETT.

Opinion delivered March 3, 1924.

1. INFANTS—ESTOPPEL BY MISREPRESENTATION AS TO AGE.—An infant is not estopped by his misrepresentations as to age to avail himself of the right to disaffirm his contracts.

2. INFANTS—RIGHT TO DISAFFIRM CONTRACTS.—An infant may disaffirm his contracts, except those made in the course of his necessities, notwithstanding the other parties may be unaware of the infant's disabilities, and without requiring the infant to return the consideration received, except such part as may remain *in specie* in his hands.

3. INFANTS—LIABILITY FOR NECESSARIES.—An infant is liable for purchases of articles which are necessaries of life, and is liable in law for the price, and cannot recover same if paid.

4. INFANTS—AUTOMOBILE NOT A "NECESSARY."—An infant is entitled to recover the price paid for an automobile purchased by her on returning the car, though she had misrepresented her age to the seller, such article not constituting a "necessary" for an infant.

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; affirmed.

*Carmichael & Hendricks,* for appellant.

Can an infant, by rescinding a contract partly executed and partly executory, after he has damaged the property by wrongful act, or in the nature of a tort, return the property contracted for and recover back that part of the purchase money paid by the infant, and after he has abused, misused and destroyed the property? We think that the better reasoning is with that line of decisions holding that the infant must restore the *status quo,* and therefore cannot recover his money back, as against damage. Williston, Commercial Law, p. 20; 160 N. Y. 578; 97 Ore. 464; 11 A. L. R. 495. The infant is liable under an executed contract where he has received full benefit for the thing for which he has paid, or has destroyed it negligently, wilfully or wrongfully. 14 R. C. L. 240, § 21, Infants, and note 13, citing 184 Ala. 223, 63 So. 159, Ann. Cas. 1915B, 672 and note; 47 L. R. A. (N. S.), 543 and note; 4 Blackf. (Ind.) 337; 30 Am. Dec. 662; 41 Mich. 191; 1 N. W. 923; 32 Am. Rep. 152; 56 Minn. 265; 57 N. W. 934; 59 N. W. 992; 45 Am. St. Rep. 473; 26 L. R. A. 187; 84 Minn. 14; 86 N. W. 613; 87 Am. St. Rep. 326; 97 Ore. 464; 161 Pac. 660. See also 91 Ark. 262. It must not be overlooked that this is an equity case, and that, in the matter of restoration of consideration, the privilege of infancy, while it is a shield, cannot be used as a sword. 8 Elliott on Contracts (Supplement) § 347; 73 Am. St. Rep. 705; 2 Bosw. 257; 11 A. L. R. 489, beginning at bottom of page; 67 Md. 53, 1 Am. St. Rep. 379, 8 Atl. 664; 7 Mont. 171, 14 Pac. 761. The conduct of the infant in this case amounted to a tort, and she should be held liable for the resulting damage. 76 Am. St. Rep. 64; 10 Am. & Eng. Encyc. of Law, 668, 669. To permit the infant to disaffirm the contract in this case, and recover back the consideration, is contrary to public policy, because it encourages dishonesty. 97 Ore. 464.

*Gray, Burrow & McDonnell* and *Frank E. Chowning.* for appellee.

1.   An infant is entitled to disaffirm his contract and recover the consideration which moved to the other party, notwithstanding the consideration received by the infant has been spent or consumed, or has depreciated in value and it is impossible to put the other party *in statu quo;* it being sufficient if the infant tender to the other party such of the consideration as remains in his hands at the moment the contract is disaffirmed.   133 Ark. 536; 103 Ark. 312; 44 Ark. 293; 14 R. C. L. 238; 90 Ark. 351, 119 S. W. 75; 26 Ala. 246; 111 Ala. 178; 61 Fla. 720; 129 Ga. 508; 241 Ill. 398.   We have no quarrel with the maxim, insisted upon by appellant, that "he who seeks equity must do equity."   It does not conflict with appellee's case.   *Bickle* v. *Turner,* 133 Ark. 536, was an equity case and sustains appellee's contention.   On the question of torts, the law, in holding an infant liable for his torts, is solicitous not to impair the immunity given him against liability on his contracts.   14 R. C. L. 261.   And, to enforce liability against the infant in this case as for a tort would be, in effect, to enforce the contract against her.   The majority rule is concisely stated as follows: "An infant, on disaffirming his purchase of personal property, returned or tendered back by him, may recover what he has paid therefor, without deduction for the use or for the depreciation in value of the property."   11 A. L. R. 491, citing 208 Ill. App. 171; 119 N. E. 177; 138 Mass. 310; 180 Mass. 140, 91 Am. St. Rep. 265, 61 N. E. 813; 183 Mich. 157; L. R. A. 1915C, 362; 149 N. W. 985; 180 Pac. 172; 27 Vt. 268, 65 Am. Dec. 194; 51 Vt. 79, 31 Am. St. Rep. 678.

2.   No merit in the contention that to permit the infant to disaffirm, etc., would be contrary to public policy.   65 Am. Dec. 196; 106 Me. 104, 75 Atl. 330.

McCULLOCH, C. J.   Appellant is a corporation engaged in the business of selling automobiles as a factory agency in the city of Little Rock, and incidentally selling second-hand or used cars.

On March 17, 1921, appellee, Ora Goodlett, a girl then slightly under eighteen years of age, purchased a used car from appellant for the agreed price of $650, of which appellee paid $350 in cash and gave installment notes of $25 each for the balance of the price. She subsequently paid three of the notes, making a total of $425 which she paid on the price of the car. The car was delivered to appellee, and she ran it three of four months, and then turned it back to appellant in a badly damaged condition; the gears were stripped; the motor was burned out on account of failure to keep it oiled while running; the tires had been worn out and replaced with cheap ones, and many other injuries had been done to the car. The proof adduced by appellant, which is scarcely disputed, is that the car was wrecked when it was returned, that it would require repairs and replacements which would cost nearly $800, and then it would only be worth about $500 as a used car, and that for these reasons it was not practicable to attempt to repair the car, and that it is only worth what it would bring as junk—from ten to twenty-five dollars.

Appellee instituted this action against appellant to rescind her contract of purchase on account of her infancy, and to recover the sum of $425 paid by her on the purchase of the car. Appellee answered, denying the alleged infancy of appellee at the time she purchased the car, and alleged that she misrepresented her age to appellant, thereby inducing the latter to sell the car, and that she had wilfully and carelessly ruined the car before returning it.

The issues were tried before the chancellor on oral testimony adduced, which has been brought into the record, and a decree was rendered in favor of appellee, canceling the contract to purchase and decreeing in favor of appellee for recovery of the money paid.

The testimony supports the finding of the chancellor that appellee was under eighteen years of age at the time she purchased the car from appellant, the purchase being made on March 17, 1921. and appellee arriving at the age

of 18 on December 3, 1921. Appellee returned the car to appellant in August, 1921, and commenced this action in the chancery court in January, 1922, shortly after she arrived at full age. There was an attempt by appellant to show that appellee misrepresented her age, but this was disputed; however, it is unimportant, since we have held that an infant is not estopped by his misrepresentations to avail himself of the right to disaffirm his contracts. *Tobin* v. *Spann*, 85 Ark. 556.

There is wide conflict in the authorities as to the rights of an infant in the disaffirmance of a contract, and different reasons have been given by various courts in reaching the same conclusion; but this court is firmly committed to the rule that an infant may disaffirm his contracts, except those made in the course of his necessities, notwithstanding the other parties to the contracts may be unaware of the infant's disabilities, and without requiring the infant to return the consideration received, except such part as may remain *in specie* in his hands. *St. L. I. M. & S. Ry. Co.* v. *Higgins*, 44 Ark. 293; *Stull* v. *Harris*, 51 Ark. 294; *Fox* v. *Drewry*, 62 Ark. 316; *Tobin* v. *Spann, supra; Beauchamp* v. *Bertig*, 90 Ark. 351; *Barker* v. *Fuestal*, 103 Ark. 312; *Bickle* v. *Turner*, 133 Ark. 536.

In none of the cases decided by this court has there been involved a contract of purchase made by an infant, but in the decisions of other courts involving the right of an infant to disaffirm, no distinction seems to have been made between a contract of purchase by an infant and a contract for the sale of his property, and we have followed the line of decisions in other States, some of which apply the rule to a contract of purchase.

It is said to be a harsh rule that permits an infant to purchase property, paying the price therefor, and, after consuming it, wasting it, or carelessly or wilfully destroying it, sue the seller and recover the price paid; but the rule, even in instances where it is harsh in its application, is justified as the only means whereby an infant may be protected from improvident contracts. Of

course, an infant is liable for his or her purchases of articles which are necessaries of life, and is liable in law for the price, and cannot recover the same back if paid. It can scarcely be said that an automobile is an article among the necessaries of a girl or boy under eighteen years of age.

Following the settled principles so often announced by this court, we must hold that the appellee is entitled to recover from appellant the amount she paid on the price of the automobile.

Decree affirmed.