MADDOX *v.* HAMP WILLIAMS HARDWARE COMPANY.

Opinion delivered March 24, 1930.

*J. R. Long,* for appellant.

*Walter J. Hebert,* for appellee.

HUMPHREYS, J.  This suit was brought by appellee against appellant for a balance of $300 due upon a note executed by appellant to appellee for a used Ford truck.

Appellant filed an answer and cross-complaint, in which he admitted the execution of the note, alleging the return of the truck, stating that he was not bound by the contract because he was a minor at the time he executed the note and praying for judgment for $180 which he had paid appellant on the truck.

The cause was submitted to the court without the intervention of a jury upon the pleadings and testimony, resulting in a judgment in favor of appellant for $180, the amount he had paid appellee on the contract; and against him for $300, the balance due on the note.

From the judgment against him, appellant has duly prosecuted an appeal to this court.

Appellant and his mother testified that he was a minor at the time he purchased the motor truck and executed the note therefor. Appellee objected to the introduction of the testimony as a defense to the note on the ground that he had not pleaded his minority as a defense thereto in his answer. The court admitted the testimony over the objection and exception of appellee.

Porter Wilson, secretary-treasurer of appellee, testified that appellant had been working for himself about two years; that he represented that he was twenty-one years of age when he signed the note, and that he was buying the motor truck for his brother to use for business purposes and profit; that neither appellee nor any of its employees accepted the truck in satisfaction of the debt when returned by appellant, and notified him it would not do so; that when it was left there appellee put the truck in storage to protect it from the weather.

The undisputed testimony showed that before the truck was returned appellant paid appellee $180 on the purchase price thereof.

In order to render judgment in favor of appellant for $180 on account of the money paid by him to appellee under the contract, it was necessary for the court to find appellant was not bound on the contract because of his minority. There is ample testimony in the record to sus-

tain this finding which the court necessarily made. After rendering a judgment in favor of appellant for said sum upon the theory that he was not bound upon the contract, it was inconsistent on the part of the court to render a judgment against him for the balance due on the note or under the contract.

Appellee argues that the judgment against appellant for the balance due on the note was correct, because he had not affirmatively set up in his answer that he was an infant or minor when he signed the note. The answer and cross-complaint were filed under one cover, and, when treated as one pleading, appellant sufficiently interposed his minority as a defense to the action. It is true this defense was set forth in the cross-complaint proper, but it was set forth therein as a defense to the action as well as a basis for the recovery of the $180 he paid to appellee under the contract. It would indeed be very technical to hold otherwise. We think in the pleading filed appellant's minority was affirmatively pleaded as a defense to the cause of action.

Appellee also argues that the contract was for a necessity, and that the judgment rendered by the trial court against appellant is correct for that reason. The record reflects that appellant did not buy the truck for himself or for his individual use, but on the contrary bought it for his brother. Certainly it cannot be said that a minor can buy anything for the use of his relatives and be bound on the contract on the theory that it was a necessity for himself.

On account of the error indicated, the judgment in favor of appellee against appellant for $300 is reversed, and the cause of action dismissed.