## LOCKHART v. NATIONAL CASH REGISTER CO.

No. 9204.

Court of Civil Appeals of Texas.
San Antonio.
Dec. 20, 1933.

Rehearing Denied Jan. 17, 1934.

John C. Myrick, of Harlingen, for plaintiff in error.

Richard E. Criss, of Harlingen, for defendant in error.

SMITH, Justice.

The National Cash Register Company sold a cash register to John Lockhart, a minor, for an agreed consideration of $575, to be paid as follows: By the "trade-in" of a used cash register, for which Lockhart was allowed a credit of $35; $40 in cash which was paid; and by Lockhart's installment note for the balance of $500, secured by chattel mortgage on the new register. Lockhart defaulted in the payment of some of the installments accruing, whereupon the cash register company brought this action to recover upon the note and foreclose the mortgage lien.

Lockhart answered, setting up his minority and repudiating the contract by reason thereof, and by cross-action alleged and prayed "that this defendant herein has paid on said National Cash Register to plaintiff herein the sum of $110.00, and he respectfully asks the Court to render him judgment against the plaintiff herein for a return of said $110.00."

Upon a trial before the court without a jury, judgment was rendered canceling the contract and mortgage, because of Lockhart's minority, and restoring the new cash register to the company, but denying recovery to Lockhart upon his cross-action. Lockhart has appealed.

The trial court denied recovery to Lockhart on his cross-action, largely upon the following finding of fact:

"I find that the defendant John Lockhart brought a cross-action, wherein, in addition to seeking to have the said contract rescinded and the said notes canceled, he sought to recover judgment against plaintiff in the sum of $110.00, alleging he had paid that sum of money. I find from the evidence adduced at the trial that John Lockhart paid $75.00 on said notes and no more; that on the day he purchased said cash register, he conveyed, as already stated, an old cash register to plaintiff who allowed him $35.00 on the new cash register therefor. I find that said John Lockhart, in his cross-action, did not ask for a return of the old cash register he had conveyed to plaintiff, and did not offer to take it back; that he did not allege its value in his petition and did not prove its value on the trial, but sought to recover from the plaintiff, in lieu thereof, thirty-five dollars in cash; that he sought to have plaintiff cancel the said notes and take the new cash register, but at the same time sought to avoid taking back the old cash register and sought to recover cash in lieu thereof, and was, therefore, asking the court to grant him equity when he was not offering to perform equity himself; that by reason of this action of John Lockhart he prevented the court from placing him and plaintiff in statu quo."

It appears that the decision of the case below was made to hinge upon the "traded-in" cash register and its status or lack of status. Appellee did not tender that article back to appellant in procuring or acquiescing in the rescission of the contract, nor did appellant specifically plead the fact of the trade-in or seek its return to him, but rather its stipulated money value. Both parties appeared to forget it, or at least chose to ignore it, appellant simply alleging by inference that the amount of the credit obtained through the trade-in was paid in cash by him; and appellee ignoring its obligation to make appellant whole again.

We have concluded that appellant was entitled to recover upon his cross-action. The allegation of appellant that he had paid $110 on the purchase price would warrant proof, in the absence of special exception to the pleading or objection to the testimony, that a part of said payment was made by trading in the old cash register, in lieu of money, for the agreed amount of $35. And if appellee desired to avoid the effect of such credit, it was its privilege and duty to show the true fact and tender back the old machine, thus restoring appellant to the position he was in when the contract was made. When a contract is rescinded on account of the minority of one of the parties, it is the duty of the court to restore the parties to the status quo, where that can be done, and therefore appellant was entitled to recover the whole consideration paid by him while a minor, unless, indeed, it appears that the traded-in article was beyond the reach of appellee and could not be restored to him, in which case it was liable for the trade-in value fixed thereon. As appellee took the article, it was its duty to account for it, and produce and return it to appellant, along with the balance of the consideration, or else show it was beyond its power to produce it, in which event it would be liable for its fixed trade-in value. Appellee did not meet this burden, and cannot now be heard to escape liability because of that default. Prudential B. & L. Ass'n v. Shaw, 119 Tex. 228, 26 S.W.(2d) 168, 27 S.W.(2d) 157.

The judgment is reversed and the cause remanded.