SYKES v. DICKERSON.

4-8992                                                    224 S. W. 2d 360

Opinion delivered November 21, 1949.

*Linus A. Williams* and *J. H. Brock,* for appellant.

*Wiley W. Bean,* for appellee.

LEFLAR, J.   Defendant Sykes, an automobile dealer, in November, 1945, sold a second hand truck to plaintiff Don Dickerson, a minor then 17 years old, for $1,250. Sykes admittedly knew that Dickerson was a minor. Dickerson paid $500 cash down, and made further payments variously estimated from $200 to $361.90.   It was contemplated that he would use the truck in hauling lumber, and for some months he did so, as an aid to self-support. He then went into the Army for a time, parking the truck

at his mother's home when he left. His mother and older brother later turned it back to Sykes, who testifies that he subsequently resold it for "$550, the balance due me." Second hand truck prices had dropped substantially in the meantime.

In 1947 the minor by next friend brought the present action to disaffirm the contract of purchase and secure back from Sykes the amount, allegedly $861.90, which he had paid for the truck. The defendant demurred specially to the complaint on the stated ground "that his right to disaffirm . . . exists only after said minor has reached the age of majority." This demurrer was properly overruled. An infant's contracts relating to personal rights or personalty may be disaffirmed by him while he is still an infant. *St. Louis, I. M. & S. Ry.* v. *Higgins,* 44 Ark. 293; *Maddox* v. *Hamp Williams Hdwe. Co.,* 181 Ark. 403, 26 S. W. 2d 85; Williston, Contracts (Rev. Ed., 1936) § 235.

At the trial before the jury, two principal fact issues were urged by defendant. These were (1) that the contract for sale of the truck was really not with the plaintiff minor, but rather with the minor's mother, a competent adult, and (2) that if the contract was with the minor it was a contract for a necessary on which the plaintiff would be bound despite his minority. Under instructions presenting both of these issues the jury returned a verdict for the plaintiff minor, in the amount of $450, and judgment was entered accordingly. Defendant's appeal relies on the two issues just stated. Neither party objects to the amount of the verdict.

As to whether defendant's contract was with the minor or with his mother, there was ample evidence to justify the jury in finding either way. The jury was properly instructed upon the issue. Its verdict is controlling here.

The remaining contention is that an automobile truck purchased by a minor for the purpose of use in making a living for himself is a necessary, so that the minor would be liable for it. This contention would in Arkansas today have to be based on the Uniform Sales

Act, § 2, Ark. Stats. (1947) § 68-1402, which provides: "Where necessaries are sold to an infant . . . he must pay a reasonable price therefor. Necessaries in this section means goods suitable to the condition in life of such infant . . . and to his actual requirements at the time of delivery." The statutory definition of the term "necessaries" appears to be the same as that previously applied at common law in this state, though none of our earlier cases exactly involves the present facts.

The Arkansas court has several times held that an automotive vehicle was not a necessary, though in each instance the circumstances were different from those of this case. See *Arkansas Reo Motor Car Co.* v. *Goodlet,* 163 Ark. 35, 258 S. W. 975 (pleasure car wrecked· by minor before disaffirmance); *Crockett Motor Co.* v. *Thompson,* 177 Ark. 495, 6 S. W. 2d 834, (car used for pleasure and to ride a few miles to town and back); *Maddox* v. *Hamp Williams Hdwe. Co.,* 181 Ark. 403, 26 S. W. 2d 85 (truck purchased by minor for use of brother). The closest Arkansas case on its facts is *Haynie* v. *Dicus,* 210 Ark. 1092, 199 S. W. 2d 954, where a minor had purchased a "milk route" and truck. The decision there was that whether these items were necessaries was a question of fact and the finding in the lower court, that under the circumstances they were "necessaries," was sustained. The same procedure ·essentially was followed in the Circuit Court in the instant case. The jury was instructed as to the meaning of the term "necessaries" and was told to find for the defendant if the truck was a necessary. Under this instruction the verdict was for the plaintiff.

"Whether the nature of a contract is such that it can, under any circumstances, be regarded as a contract for necessaries, is a question of law; but if the court decides that under some circumstances such a contract might be for necessaries, it then becomes a question of fact for the jury whether it was so in the particular case." Williston, Contracts (Rev. Ed., 1936) § 241. There have been some intimations by legal writers that automotive vehicles purchased for business purposes would

never be deemed necessaries where an infant is concerned. Compare 43 C. J. S. 190, 192. We do not so hold. Cases cited in support of that generalization have usually reached the result by reason of the peculiar facts in the individual case, or because of express findings of fact by jury or trial judge that a car was not a necessary for a particular infant.

Our conclusion is that the procedure followed in the Circuit Court was correct. The judgment is affirmed.