BARNES *v.* REBSAMEN MOTORS, INC.

5-19                                        255 S. W. 2d 961

Opinion delivered March 16, 1953.

*Tilghman E. Dixon,* for appellant.

*Talley & Owen* and *Wayne W. Owen,* for appellee.

GEORGE ROSE SMITH, J.   This is a suit to disaffirm a contract by which Jerrell Barnes, the appellant, purchased during his minority a car from Rebsamen Motors, Inc.  It is shown that young Barnes bought the car on an installment basis, that he became delinquent in his payments, and that the seller and the finance company repossessed the vehicle.  The plaintiff sues to recover the total amount of his payments.  After trial the chancellor dismissed the complaint for want of equity.

The plaintiff's right to recover is clear enough unless the record discloses some flaw in his cause of action or some defense entitling the appellees to prevail.  The trial court assigned no reason for denying relief, but the appellees suggest two theories for affirmance of the decree.

First, it is said that the chancellor may have found that Barnes was of age when the contract was made.  The preponderance of the evidence is decidedly to the contrary.  We have not only the plaintiff's own testimony

but also a certified copy of his birth certificate, the latter being made *prima facie* evidence by statute. Ark. Stats. 1947, § 82-505. Against this testimony there is only proof that this minor misrepresented his age when he bought the car and again falsified it when he obtained a marriage license a few months later. We have held that it is error for the chancellor to credit such misrepresentations in disregard of positive proof of the infant's true age. *Foreman* v. *Dickinson,* 177 Ark. 121, 6 S. W. 2d 829.

Second, it is said that since Barnes is shown to have had a job the court may have found the automobile to be a necessary. One who seeks to recover upon a contract made with an infant or to defend the minor's suit to disaffirm has the burden of proving that the article sold was a necessary. *Moskow* v. *Marshall,* 271 Mass. 302, 171 N. E. 477; *International Text-Book Co.* v. *Connelly,* 206 N. Y. 188, 99 N. E. 722, 42 L. R. A. N. S. 1115; *Crandall* v. *Coyne Electrical School, Inc.,* 256 Ill. App. 322. Here the defendants fell perceptibly short of sustaining this burden. The record does not even tell us the nature of Barnes' employment, much less the extent to which a car was needed in its performance. There are only a few inconclusive statements from which an inference might be drawn either way, such as that the plaintiff had worked for four years, that his employer lent him the money for the down payment on the car, and that whether he bought another car depended upon whether he returned to work. On the other side is Barnes' testimony that his employer furnished him a car whenever transportation was needed on the job and that the vehicle now in question was used solely for pleasure. We conclude that the weight of the evidence shows the car not to have been a necessary.

Reversed.

GRIFFIN SMITH, Chief Justice, dissenting. This *infant* who disaffirms his contract is five feet and eleven inches tall and weighs 145 pounds. He had previously owned two cars, was married, and worked at Helena, where his employer supplied a car for local necessities.

However, he lived at Sheridan and used the car to make week end visits home. Barnes admitted that in making the purchase he told the seller he was over 21 years of age—a deception used for the purpose of persuading the seller to part with the property. Duplicity, however, appears to have been a chronic habit, for in procuring marriage license April 26, 1952, his age was given as 23 and his prospective bride was 24. Appellant had been working for four years, and was therefore, "a man of his own."

My own view is that if employment took him away from home for the week and his use of the car was to spend Saturday night at Sheridan, the transportation was a part of his business arrangements and the car was used for business purposes.

The habit of fabricating an applicable story for the purpose of getting relief from an honest obligation is entirely too prevalent. Here is a case where any court could, as the Chancellor must have found, say that the buyer's use of the car and his conduct in getting it should bind the contract.