ROBERTSON *v.* KING.

5-715                                          280 S. W. 2d 402

Opinion delivered June 27, 1955.

*Brockman & Brockman,* for appellant.

*B. Ball,* for appellee.

ROBINSON, J. The principal issue here is whether appellant, a minor, may rescind a contract to purchase a pick-up truck. On the 20th day of March, 1954, L. D. Robertson, a minor, entered into a conditional sales agreement whereby he purchased from Turner King and J. W. Julian, doing business as the Julian Pontiac Company, a pick-up truck for the agreed price of $1,743.85. On the day of the purchase, Robertson was 17 years of age, and did not have his 18th birthday until April 8th. Robertson traded in a passenger car for which he was given a credit of $723.85 on the purchase price, leaving

a balance of $1,020.00 payable in 23 monthly installments of $52.66 plus one payment of $52.83. He paid the April installment of $52.66.

It appears that Robertson had considerable trouble with the wiring on the truck. He returned it to the automobile dealers for repairs, but the defective condition was not remedied. On May 2nd, the truck caught fire and was practically destroyed. He notified the automobile concern and they stated that they would send the insurance man to see him. It appears that the insurance representative, upon finding out that Robertson was only 17 years of age, refused to deal with him.

On June 7th, appellees filed suit to replevy the damaged truck from Robertson. By his father and next friend, Robertson filed a cross-complaint in which he alleged that he is a minor and asked that the contract of purchase be rescinded and sought to recover that part of the purchase price he had paid, which he alleges is the amount of $723.85, allowed by the dealers on the car traded in, plus the one monthly payment of $52.66, totaling $776.51. A jury was waived and the cause was submitted to the court. There was a judgment for King and Julian on the complaint and the cross-complaint. On appeal, Robertson contends that he was 17 years of age at the time of the alleged purchase and that he has a right under the law to rescind the contract and to recover the portion of the purchase price he has paid.

Appellees contend that the judgment should be sustained because Robertson did not return the damaged truck to the automobile dealers. However, the judgment of the court states: "The court further finds the proof to be that the plaintiff has possession of the said GMC pick-up truck." Hence, there is no merit to this contention. Appellees also contend that Act 337 of 1953 applies in that a minor cannot rescind a contract of purchase without reimbursing the seller for any loss that he may have sustained by reason of such rescission. This statute deals with situations where a minor is 18 years of age at the time of making a purchase. The statute is not

applicable here because according to the undisputed evidence Robertson was only 17 years of age at the time of entering into the purchase agreement.

Appellees further contend that the minor is bound by the contract because the automobile was a necessary. The record does not contain any substantial evidence to support this contention. The only evidence on this issue is that the boy quit school in 1951 and has been earning his own living since that time, and that he has been working for a construction company and traveling around the country to different jobs with his father in his father's truck. The boy lives at home with his parents and there is no showing whatever that he needed the truck in connection with any work he was doing. One of the witnesses for the appellees testified that the boy stated he wanted to use the truck in a farming operation. The record contains no evidence that he was engaged in farming at any time. Another witness for the appellees testified that the boy stated that he wanted to purchase the truck on the "farmer's plan," but there is no showing that the car was sold to him on a "farmer's plan." He was allowed a sum on the car which he traded in, amounting to more than one-third of the purchase price of the new truck, and he was to make substantial monthly payments for the balance. Just what the "farmer's plan" is does not appear in the record, but it is a matter of common knowledge that the plan under which the boy bought the truck is the usual method of making purchases of automobiles. In a suit by a minor to rescind a contract the burden is on the defendant to show that the article was a necessary. *Barnes* v. *Rebsamen Motors, Inc.*, 221 Ark. 791, 255 S. W. 2d 961.

It is our conclusion that the evidence does not sustain a finding that the truck was a necessary to Robertson. In that respect, this case is distinguishable from *Sykes* v. *Dickerson*, 216 Ark. 116, 224 S. W. 2d 360, where the court said: "It was contemplated that he would use the truck in hauling lumber, and for some months he did so, as an aid to self-support." The law is settled in this State that a minor may rescind a contract to purchase

where the property involved is not a necessary. *Foreman* v. *Dickerson,* 177 Ark. 121, 6 S. W. 2d 829; *Arkansas Reo Motor Car Company* v. *Goodlett,* 163 Ark. 35, 258 S. W. 975; *Quality Motors, Inc.* v. *Hays,* 216 Ark. 264, 225 S. W. 2d 326.

The automobile dealers have disposed of the car they received in the trade, and cannot restore it to the minor. In a situation of this kind, the weight of authority is that the actual value of the property given as part of the purchase price by the minor is the correct measure of damages. Neither side is bound by the agreement reached as to the value of the car at the time the trade was made. This is true because the contract has been rescinded and there is no contract fixing the value. It is said in 43 C. J. S. 117: ''While it is generally held that, where property traded in by the infant as part of the price is beyond reach of the seller, the infant is entitled to the reasonable value of the property at the time of the purchase, rather than the value fixed in the purchase agreement, it has also been held that he is entitled to receive the value fixed in the agreement.''

In support of the rule that a reasonable value of the property at the time of purchase governs, C. J. S. cites *Collins* v. *Norfleet-Baggs, Inc.,* 197 N. C. 659, 150 S. E. 177, where the court said: ''Where the infant parts with personal property, he may, upon disaffirmance, recover the value of such property, as of the date of the contract, but he is neither bound by, nor entitled to be awarded, the price fixed by the contract, for its real value may be more or less than the amount so stipulated.'' However, in *Lockhart* v. *National Cash Register Co.,* (Tex. Civ. App.) 66 S. W. 2d 796, the Court of Civil Appeals in Texas held the fixed trade in value prevailed. In 27 Am. Jur. 790, it is said: ''Where, upon an infant's disaffirmance of a purchase of an automobile in exchange for his note and an old automobile, the old automobile cannot be restored, he is entitled to recover the value thereof, which is presumably the valuation at which the defendant took it.'' Cited as authority in *Schoenung* v. *Gallet,*

206 Wis. 52, 238 N. W. 852, 78 A. L. R. 387. In that case there was no showing that the automobile traded in by the infant had any value other than that mentioned in the purchase agreement. The court said: "As plaintiff's former automobile has been wrecked and cannot be restored by defendant, he is liable for the value thereof, which is, presumably, the sum of $50 at which he valued it when he obtained it from plaintiff."

In the case at bar, although the minor was allowed over $700.00 on his car in the trade, there is evidence to the effect that it was actually worth about $350.00. Although there is conflict among the authorities as pointed out above, we believe the better rule holds that the value of an article given in trade by a minor as a part of the purchase price is the reasonable market value of the article at the time of the purchase, and that neither party is bound by the value fixed in the purchase agreement.

Young Robertson is a minor; the truck was not a necessary; and Act 337 of 1953 is not applicable. Hence, the court erred in finding for the automobile dealers, and the cause is therefore reversed and remanded for a new trial.

Mr. Justice HOLT dissents.

J. SEABORN HOLT, Justice (dissenting). I think this case should be affirmed for the reason that as I read the record, there was ample substantial evidence to support the findings and judgment of the trial court.

A jury having been waived, we must give to those findings and judgment the same force and effect that we give to the verdict of a jury, therefore, when we find some substantial evidence to support the findings and judgment of the trial court viewed in the light most favorable to appellee (here), we must affirm.

In this case there was testimony in the record that appellant at the time he purchased the truck in question was an active, well developed, industrious young man and would easily pass for one of the age of 22 years. Mr. Turner King testified that appellant told him, at the

time he made the contract, that he was 22 years old and wanted the truck for farming purposes. Appellant testified that he had made his own living since he was about 15 years of age and according to his own testimony, and that of his father, he had been employed and working for more than three years. In fact, he had traveled with his father into many states working with him on contracts. He testified he quit school in 1951. Appellant's father testified that his son worked down in Texas, and he took his son with him, that they then went to Louisiana, next to Ohio, to Pennsylvania and from there to South Carolina. On these trips they sometimes used a bus or other times his father's pick-up truck. Appellant told the seller of the truck at the time the contract was made that he wanted the truck in his business and for farming purposes, and delivered a pleasure car, which he had previously without assistance purchased, and owned, to the dealer as part payment on the truck.

It seems to me that the above testimony alone is substantial and sufficient to show that the truck that appellant bought was necessary in his farming and contractual work, was bought for these purposes, and, therefore, that the judgment was correct. Of strong significance is the fact that appellant, who owned a pleasure automobile, would trade it in on the purchase price of a truck unless he felt the necessity for a truck to use in farming, his business, and undertakings.

In the very recent case of *Sykes* v. *Dickerson*, 216 Ark. 116, 224 S. W. 2d 360, we held that whether a truck was a necessary, such as would make a minor's contract valid, must be determined by the particular facts in each case. We there said:

"The remaining contention is that an automobile truck purchased by a minor for the purpose of use in making a living for himself is a necessary, so that the minor would be liable for it. This contention would in Arkansas today have to be based on the Uniform Sales Act, § 2, Ark. Stats. (1947) § 68-1402, which provides: 'Where necessaries are sold to an infant . . . he must pay a reasonable price therefor. Necessaries in this

282

section means goods suitable to the condition in life of such infant . . . and to his actual requirements at the time of delivery.'

. . . ''The closest Arkansas case on its facts is *Haynie* v. *Dicus,* 210 Ark. 1092, 199 S. W. 2d 954, where a minor had purchased a 'milk route' and truck. The decision there was that whether these items were necessaries was a question of fact and the finding in the lower court, that under the circumstances they were 'necessaries,' was sustained. . . .

'' 'Whether the nature of a contract is such that it can, under any circumstances, be regarded as a contract for necessaries, is a question of law; but if the court decides that under some circumstances such a contract might be for necessaries, it then becomes a question of fact for the jury whether it was so in the particular case.' Williston, Contracts (Rev. Ed., 1936) § 241. There have been some intimations by legal writers that automotive vehicles purchased for business purposes would never be deemed necessaries where an infant is concerned. Compare 43 C. J. S. 190, 192. We do not so hold. Cases cited in support of that generalization have usually reached the result by reason of the peculiar facts in the individual case, or because of express findings of fact by jury or trial judge that a car was not a necessary for a particular infant.''

Obviously, justice, common honesty and decency require all to pay their just obligations. Courts should therefore exhaust every means available to force slackers, including minors, to honor their contracts. Our lawmakers evidently came to this conclusion by enacting Act 337 in the 1953 Session. As I view the facts here, as pointed out above, we should declare this minor's contract good because he bought a necessary. I would affirm.