# WILLIAM I. ADAMS *vs.* FRANK W. BEALL, infant, by his next friend, WILLIAM COLTON.

*Disaffirmance by Infant of a Voidable Contract—Action by Infant to Recover back Money paid by him— Voidable contract of Infant.*

Where money is paid by a minor in consideration of being admitted as a partner in a business, and he does become and remain a partner for a given time, he will not be allowed, on voluntarily withdrawing from the partnership, to recover back the money thus paid, unless he was induced by the fraudulent representations of the party to whom he paid it, to enter into the partnership.

An infant may avoid a voidable contract, where it is of a personal nature, or relating to personal property, either before or after his majority.

APPEAL from the Baltimore City Court.

This is an action at law brought by the appellee, an infant, suing by next friend, against the appellant. The case is stated in the opinion of the Court.

*Exception.*—At the trial, the plaintiff offered six prayers, the first and sixth of which as follows, were granted; the others were rejected and not having been passed upon by the Court, are omitted:

1. That if the jury shall find from the evidence that the plaintiff, Beall, passed, delivered or paid over to the defendant, Adams, on or about 6th day of July, 1883, the sum of twenty-nine hundred dollars, and that said plaintiff, Beall, was at that time an infant within the age of twenty-one years, and that said money was the property of said Beall, and that said money was so passed, delivered or paid over by said plaintiff, Beall, to said defendant, Adams, in pursuance of trade, and that said plaintiff, Beall, has demanded of said defendant, Adams, said sum of money, and that said defendant, Adams, has neglected, withheld and refused to pay back, return and reimburse said plaintiff, Beall, said sum of money, then their verdict must be for the plaintiff, for the said sum so paid by him, less any sum of money which from the evidence the jury may believe the defendant has paid the said plaintiff.

6. That if the jury shall find from the evidence that the plaintiff, Beall, on or about the 6th day of July, 1883, paid over, delivered or passed to the defendant, Adams, the sum of twenty-nine hundred dollars, and that said plaintiff was at that time an infant under the age of twenty-one years, and that said sum of money was the plaintiff's, and that said sum of money was not paid by said plaintiff to said defendant for necessaries furnished by said defendant to said plaintiff, and that said sum of money was paid by said plaintiff to said defendant in pur-

Adams vs. Beall.

suance of trade and as consideration of an agreement of partnership between said plaintiff and defendant, of date of July, 1883, and that the payment of said sum of money was not for the benefit of said plaintiff, and that said plaintiff has avoided and rescinded said agreement of partnership within the period of his infancy, and has demanded of said defendant said sum of money, and that said defendant has withheld, neglected and refused to pay back or return and reimburse said plaintiff said sum of money, then their verdict must be for the plaintiff for the sum of money so paid by him to the defendant, less such sums as shall have been proved to have been paid by the defendant to the plaintiff.

The defendant excepted to the granting of the plaintiff's first and sixth prayers. The verdict and judgment were for the plaintiff, and the defendant appealed.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*Albert Ritchie,* for the appellant.

*William Colton,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The appellee, while a minor, paid to the appellant twenty-nine hundred dollars, as a consideration for being admitted as a partner in the appellant's business. The partnership continued for more than a year, and finding it unprofitable, the appellee, without formally dissolving the partnership, withdrew from the business.

The question in the case is whether the appellee is entitled to recover of the appellant the money thus paid? His right to disaffirm the partnership contract, and to avoid all liabilities under it, including the partnership debts, is not denied. Being an infant when the contract

was made, this is a privilege to which, for his protection, he is entitled. But when he seeks to recover money paid for a consideration which he has enjoyed, or has had the benefit of, this presents quite another question. The $2900 was paid to the appellant in consideration of being admitted as a partner in his business. He was admitted as a partner, and continued to be a member of the firm for at least a year. The business was not, it is true, a successful one, but this, in the absence of *fraudulent representations on the part of the appellant,* cannot affect the question. We are dealing with a contract between an infant and an adult, executed on both sides, and upon the faith of which money was paid by the infant for a consideration which he has enjoyed. The privilege of infancy, says Lord MANSFIELD, in *Zouch vs. Parsons,* 3 *Burr.,* 1804, was intended as a shield or protection to the infant, and not to be used as the instrument of fraud and injustice to others; and to hold that an infant has the right, not only to withdraw from a partnership at his own pleasure, and to subject the adult partner to the payment of all the partnership debts, but has the right also to recover money paid by him as a consideration for being admitted into the partnership, would be, it seems to us, to extend the privilege beyond any just principles upon which it is founded.

So long ago as *Brawner and Wife vs. Franklin, et al.,* 4 *Gill,* 463, it was held that where an infant advances money upon a contract, he cannot disaffirm the contract and recover the money advanced, if he has enjoyed the consideration for which the money was paid. *Holmes vs. Blogg,* 8 *Taunt.,* 508, is to the same effect. There the infant paid a sum of money as his share of the consideration for a lease of premises, in which he and his partner carried on the business of shoemaking. They occupied the premises from March till June, when the infant dissolved the partnership, and brought an action to recover back the

money he had paid the lessor for his lease. GIBBS, C. J. said, " He may, it is true, avoid the lease; he may escape the burthen of the rent, and avoid the covenants; but that is all he can do. He cannot, by putting an end to the lease, recover back any consideration which he has paid for it; the law does not enable him to do that."

It is a mistake to suppose, that the principle on which this case was decided, was either overruled or even questioned in *Corpe vs. Overton*, 10 *Bing.*, 252. In the latter case, the plaintiff while an infant signed an agreement to enter into partnership with the defendant, and to pay him £1000 for a share in the business; and to execute on the first day of January a partnership deed with the usual covenants. He also paid £100, as a deposit for the fulfilment of his part of the contract. The plaintiff afterwards disaffirmed the partnership contract, and never did in fact become a partner. The suit was brought to recover of the defendant the £100 paid by the infant as a deposit.

TINDAL, C. J. said : The case was distinguishable from *Holmes vs. Blogg.* In that case the plaintiff and partner occupied the premises from March till June, and the money was paid for something available, that is, for three months enjoyment of the premises. " In the present case, the plaintiff has paid to Overton £100, for which he has not received the slightest consideration. The money was paid, either with a view to a present or a future partnership. I understand it as having been paid with a view to a future partnership. Now the partnership was not to be entered into till January, 1833 ; and in the meanwhile the infant had derived no advantage whatever from the contract."

BOSANQUET, J.: " We are far from impeaching the judgment of the Court in *Holmes vs. Blogg*, as applicable to the facts of that case. * * * * Here, the infant has derived no benefit whatever from the contract, the con-

sideration of which has wholly failed. * * * The £100 paid here was in the nature of a deposit; money paid on a deposit may generally be recovered back where the contract goes off; and here the contract was defeated before the infant derived any benefit from it."

ALDERSON and GASELEE, Justices, were of the same opinion.

The plaintiff was allowed to recover the deposit money paid by him while an infant, because the partnership contract was disaffirmed, by Corpe before the time agreed upon for it to begin. As was said by ALDERSON, J., "Before the contract is performed, one of the parties revokes it, and remits the other to the same situation as if the contract had never been made."

The distinction between *Holmes vs. Blogg* and *Corpe vs. Overton* is this: In the former the plaintiff was not allowed to recover the money paid by him while an infant, because it was paid on a consideration which he had in part enjoyed; while in the latter, the plaintiff was allowed to recover as upon an entire failure of consideration. Passing then from these cases we come to *Ex parte Taylor*, 8 *De Gex, Mac. & Gor.*, 254, which is a case directly in point. There an infant paid a premium on entering into a partnership, and before he came of age disaffirmed the contract, and upon the bankruptcy of the firm attempted to prove for the premium thus paid. Lord Justice KNIGHT BRUCE said : " In my opinion a case of fraud has not been established. That being so, the matter remains one of a contract fairly made, or as fairly made as a contract with an infant could be made,—a contract upon which the infant acted during his minority, and which during the minority has been in part performed on each side. In such a state of things I conceive that if the bankrupts had continued solvent, and an action had been brought against them by the minor, either before or after majority for the purpose of recovering the money in question or

Adams *vs.* Beall.

any part of it, there must have been either a non-suit or a verdict against him."

Lord Justice TURNER said: "It is clear that an infant cannot be absolutely bound by a contract entered into during his minority. He must have a right upon his attaining his majority to elect whether he will adopt the contract or not. It is, however, a different question whether, if an infant pays money on the footing of a contract, he can afterwards recover it back. If an infant buys an article which is not a necessary, he cannot be compelled to pay for it, but if he does pay for it during his minority he cannot on attaining his majority recover the money back."

We have quoted at length from the preceding cases, because the question at issue is an important one, and comes before us for the first time for decision. And whilst fully recognizing the privilege which the law accords to minors in regard to contracts made during their minority, yet in a case like the present, where money is paid by a minor in consideration of being admitted as a partner in the business of the appellant, and he does become and remains a partner for a given time, he ought not to be allowed to recover back the money thus paid, unless he was induced to enter into the partnership by the fraudulent representations of the appellant.

Whether an infant can avoid a contract and sue thereon during his minority, or must wait until he arrives at age, is a question about which the decisions are conflicting. To hold that he cannot disaffirm a *voidable contract* until he attains his majority, would in many cases work the greatest injustice to an infant. And where the contract is of a personal nature, or relating to personal property, we see no good reason why such a contract may not be avoided either before or after his majority. *Stafford vs. Roof*, 9 *Cowen*, 626; *Shipman vs. Horton*, 17 *Conn.*, 481; *Willis vs. Twambly*, 13 *Mass.*, 204.

Balto. & Ohio Railroad Co. *vs.* Gould, Trustee.

The Court having erred in granting the plaintiff's first and sixth prayers, the judgment must be reversed.

*Judgment reversed, and
new trial awarded.*

(Decided 16th March, 1887.)