SIMON P. RYAN *vs.* JOHN W. SMITH.

Suffolk. November 18, 1895. — February 28, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Repudiation of Contract — Infancy — Necessaries.*

It is no defence to an action in which the plaintiff seeks to repudiate his contract on the ground of minority, and to recover the money which he has paid to the defendant for a barber's shop and chair and divers other articles of furniture designed to be used in furnishing a barber's shop, that they are necessaries.

CONTRACT, to recover money paid by the plaintiff, a minor. Trial in the Superior Court, without a jury, before *Sheldon*, J., who found for the plaintiff; and the defendant alleged exceptions, the nature of which appears in the opinion.

*B. W. Warren,* for the defendant.

*A. W. Dana,* for the plaintiff.

KNOWLTON, J. The only question in this case is whether the judge should have ruled, at the request of the defendant, that the articles purchased by the plaintiff were necessaries. They were a barber's shop and chair and divers other articles of furniture designed to be used in furnishing a barber's shop. The plaintiff was a minor, and he had no means of support except what he earned. The law does not contemplate that a minor shall open a shop and become a trader, or the proprietor of a business which involves the making of a variety of contracts. This has long been settled by the authorities. *Tupper* v. *Cadwell*, 12 Met. 559. *Mason* v. *Wright*, 13 Met. 306. *Merriam* v. *Cunningham*, 11 Cush. 40. *Wallis* v. *Bardwell*, 126 Mass. 366. *McCarthy* v. *Henderson*, 138 Mass. 310. *Pyne* v. *Wood*, 145 Mass. 558. It is clear that the articles in question were not necessaries. If they had been hand tools to a reasonable amount, such as are ordinarily provided by a journeyman, and necessary for use in his trade or business, the case would be different.

*Exceptions overruled.*