# Maloney & Kratky, Appellees, v. Willie Perks, Appellant.

1. INFANTS—*how question as to what are necessaries determined.* It becomes the duty of the court to determine whether or not articles furnished to a minor belong to a class that are necessaries and it is to be determined by the jury as a matter of fact that the articles furnished come within the particular class and are suitable to the condition and estate of the infant.

2. INFANTS—*what not within class of necessaries. Held,* that there was no evidence in this record by which the court could determine that a motorcycle belonged to a class that were necessaries, and no evidence that the same was suitable to the minor's condition and station in life or that it was in any way necessary for him to have or use in the prosecution of a business if he had one.

Appeal from the Circuit Court of Pulaski county; the HON. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 21, 1912.

CHARLES L. RICE, for appellant.

C. S. MILLER, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

This was an action brought by appellees against appellant before a justice of the peace, for repairs and work done upon a motor-cycle, upon which judgment was rendered in favor of the appellees, appeal taken to the Circuit Court of Pulaski county and trial *de novo* had and judgment again rendered in favor of the appellees and against the appellant, from which he prosecutes this appeal and assigns as error the failure of the court to direct a verdict at the close of all of the evidence; the refusal of the court to set aside the verdict and grant a new trial herein; and the refusal of the court to grant appellant's motion in arrest of judgment. These errors will all be considered together in the disposition of this case.

The evidence shows that appellant was the owner of a motor-cycle and that the same became out of repair and that he called upon appellees to furnish some repairs and perform some work upon the motor-cycle, also for gasoline, oil and express, making a total of $55.26; and the evidence shows that the charges made were the usual and customary prices for such work and materials and that they were furnished at the request of the appellant. There is also some evidence in this record tending to show that Nannie Higgins, the aunt of appellant, was liable for these goods and had something to do with requesting that they be furnished, but as the jury found for the defendant, Nannie Higgins, she is out of the case and the appeal is made alone by the appellee, Willie Perks.

The defense set up in this case is infancy at the time that the repairs were furnished, labor performed and goods supplied. The evidence discloses that the defendant was born October 19, 1890, and was at the time of the supplying of the material and rendition of the services a minor.

There is no evidence in this record that the articles furnished were necessaries or that they were supplied under such circumstances as to make them necessaries for an infant. It is the settled law of this State that it becomes the duty of the court to determine whether or not the articles furnished belong to a class that are necessaries, and it is to be determined by the jury as a matter of fact whether the articles furnished come within the particular class and are suitable to the condition and estate of the infant. The Supreme Court of Illinois, in the case of McKanna v. Merry, 61 Ill. 177, said: "There is no positive rule by means of which it may be determined what are and what are not necessaries. Whether articles are of a class or kind for which infants are liable, or whether certain subjects of expenditure are necessaries, are to be judged of by the court. Whether they come within the par-

ticular class, and are suitable to the condition and estate of the infant is to be determined by the jury as a matter of fact.''

Again, in the same case the court says: ''The court should have defined necessaries in some manner. Blackstone defines necessaries to be, necessary meat, drink, apparel, physic, and says that an infant may bind himself to pay for his good teaching and instruction, whereby he may profit himself afterwards. The articles furnished, or money advanced, must be actually necessary, in the particular case, for use, not mere ornament, for substantial good, not mere pleasure, and must belong to the class which the law generally pronounces necessary for infants. The courts have generally excluded from the term 'necessaries,' horses, saddles, bridles, pistols, liquors, fiddles, chronometers, etc. It has been held, however, that if riding on horseback was necessary to the health of the infant, the rule was different.''

Again, we find it to be laid down as the law concerning this subject, ''The question as to what are necessaries is a mixed one of law and fact; it is a question for the court to decide whether certain subjects of expenditures are necessaries and what classes or general description of articles are necessaries; and it is for the jury to determine whether the particular articles, etc., fall within any of these classes, and whether they were actually necessary and suitable to the estate and condition of the infant, and were furnished under such circumstances as to authorize a recovery. The quantity, quality and value of what was furnished is of course a question for the jury.'' Cyc, Vol. 22, p. 597-598.

Inasmuch as it has been determined by the court of this State that horses, saddles, bridles, etc., are generally excluded from the term ''necessaries,'' then we think that with much greater reason a motor-cycle would be excluded from the term.

230    APPELLATE COURTS OF ILLINOIS.

There being no evidence in this record by which the court could determine that this motor-cycle belonged to a class that were necessaries, and no evidence that the machine was suitable to the condition and station in life of the appellant, or that it was in any manner necessary for him to have, or use in the prosecution of a business, if he had one, by which a jury could determine whether it came within the particular class and was suitable to the condition and estate of appellant, then it would necessarily follow that there was no evidence upon which a proper judgment could have been rendered in this case at any stage of the case after the appellant was shown to be an infant, and about which there was no dispute.

The verdict of the jury and judgment of the court in this case were unwarranted under the testimony, and the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*