Lein v. Centaur Motor Co. of Illinois, 194 Ill. App. 509.

## Abstract of the Decision.

1. FRAUDS, STATUTE OF, § 24*—*when lease void under.* A verbal agreement for a lease for a year to begin *in futuro* is void under the Statute of Frauds.

2. LANDLORD AND TENANT, § 88*—*when lessor's assent to holding over essential to renew term.* A tenant under a written lease cannot, by holding over after the expiration of the term, and refusing to surrender possession, create a tenancy at will or at suffrance, for the reason that until the landlord recognizes the new tenancy, by acceptance of rent, or otherwise, the holding over is a mere offer to become a tenant on the terms of the former lease, not assented to by the landlord.

---

**Edward Lein by Annie Lein, Defendant in Error, v. Centaur Motor Company of Illinois, Plaintiff in Error.**

### Gen. No. 20,592.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

## Statement of the Case.

Action by Edward Lein, by Annie Lein, his next friend, plaintiff, against the Centaur Motor Company of Illinois, a corporation, defendant, in the Municipal Court of Chicago, to recover back money paid by a minor under a repudiated contract. To reverse a judgment for plaintiff for five hundred dollars, defendant prosecutes this writ of error.

MILLER, GORHAM & WALES, for plaintiff in error.

JOHN T. BYRNES, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice Baker delivered the opinion of the court.

## Abstract of the Decision.

1. Payment, § 39*—*when shown.* In an action by a minor to recover back money paid under a repudiated contract, where it appeared that defendant accepted from plaintiff a written order, in which plaintiff stated that he inclosed the money sought to be recovered, in part payment on the contract, *held* that the contract was conclusive as to the payment of the money.

2. Infants, § 46*—*pleadings in action to recover payments.* In an action by a minor to recover back money paid under a repudiated contract, where the statement of claim alleges that plaintiff was, at the time of making the contract, and still is, a minor, which is not traversed in the affidavit of defense, *held* immaterial whether plaintiff at first gave a different reason for repudiating the contract, saying nothing about his minority, or whether he disaffirmed within a reasonable time after majority.

3. Infants, § 21*—*what are necessaries.* Necessaries must be such things as supply the personal needs of the infant, either those of his body, such as food, clothing, lodging, and the like, or those of his mind, as instruction suitable and requisite for the proper development of his mind.

4. Infants, § 21*—*when doctrine of necessaries inapplicable.* The doctrine of necessaries does not apply to the trading contracts of an infant.

5. Infants, § 21*—*when loan not a necessary.* The doctrine of necessaries does not apply to a loan of money to an infant, either where the money loaned, without express agreement, is used to purchase necessaries, or where there is an express agreement that it be so used, for the reason that the lender should provide the necessaries, if he intends to claim the protection of the doctrine.

6. Infants, § 21*—*when articles purchased to earn living not necessaries.* Articles purchased by a minor are not necessaries merely because the minor earns his living by use of them, and has no other means of support.

7. Infants, § 21*—*when automobile not a necessary.* In an action by a minor to recover back money paid under a repudiated contract to purchase an automobile, where defendant's affidavit of defense alleged that plaintiff intended to use the automobile for the purpose of earning a living by carrying passengers for hire, and was not to be used for pleasure, or as a luxury, *held* proper to direct a verdict for plaintiff, for the reason that the facts alleged did not constitute a defense to the action, in that such facts do not bring the case within the doctrine of necessaries.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.