. HAROLD O. UTTERSTROM, PRO. AMI :

*vs.*

MYRON D. KIDDER, INC. ,

Cumberland.  Opinion June 6, 1924.

*A minor who has disaffirmed his contract, except for necessaries, before attaining*
*his majority, and restored all property received by him not destroyed, may recover*
*such sum as he has paid, and is not liable by way of recoupment for depreciation*
*caused by use or neglect, even if in form ex delicto; such depreciation or damage of*
*the property while in his possession is within the protection afforded him by law*
*against the improvidence and indiscretion of infancy.*

A minor is bound by and cannot disaffirm his contract for necessaries, but the
term necessaries does not include articles purchased for business purposes even
though the minor earn his living by the use of them and has no other means of
support: . The contract of the plaintiff for the purchase of a truck was not a
contract for necessaries.    ,

A minor may disaffirm his voidable contract and recover payments made thereunder provided he return or account for such part of the property received as
remains in his possession or under his control in original or substituted form.
The plaintiff's duty to restore the consideration received by him was fully met
when the defendant repossessed itself of the truck together with all its original
equipment not destroyed.

A right to recover for the value of the use of the truck while in the minor's possession, including ordinary depreciation incidental to such use, rests upon contract
express or implied, and a plea of infancy would bar a suit thereon unless the
contract is duly ratified after the minor attains his majority.

The defendant's claim for the value of the use of the truck while in the plaintiff's
possession could not be enforced by a direct suit and cannot be allowed by way
of recoupment.

On report.  An action of assumpsit by a minor to recover one
hundred and fifty dollars paid by him under a conditional sale of an
auto truck.  On November 1, 1922, the plaintiff, a minor, purchased
of defendant a second-hand Reo truck, the purchase price being
$335.20, paying of the purchase price $150.00 down, and gave a
conditional sale agreement in the form of a lease, securing the balance
of the purchase price which was to be paid in monthly installments

of thirty dollars each. The plaintiff used the truck in his business. On December 14, 1922, the first monthly payment not having been paid, the defendant took possession of the truck under the conditional sale agreement for breach of condition and on December 18, served notice of foreclosure on plaintiff, who immediately notified defendant that he disaffirmed the contract, still being a minor, on the ground of his infancy. On August 1, 1923, this action was brought to recover the $150.00 paid down at the time of the execution of the contract. Defendant pleaded the general issue and under a brief statement contended that it should be allowed by way of recoupment for depreciation in value of the truck resulting from use, and for tools and equipment missing. At the conclusion of the evidence, by agreement of the parties, the cause was reported to the Law Court. Judgment for the plaintiff for $150.00 and interest from date of writ and costs.

The case is sufficiently stated in the opinion.

*Jacob H. Berman, Benjamin L. Berman and Edward J. Berman,* for plaintiff.

*G. L. Brooks,* for defendant.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, WILSON, STURGIS, JJ.

STURGIS, J. This is an action of assumpsit brought by a minor, by his next friend, to recover moneys paid on account of the purchase of a truck. November 1, 1922, the plaintiff, a sheet metal worker, desiring a truck for use in his business and for miscellaneous home service, purchased a Reo truck from the defendant corporation, agreeing to pay therefor $335.20. He paid down $150.00, and at the same time signed a lease or contract of conditional sale, in which he agreed to pay $30.00 a month and interest until the entire purchase price of the truck was paid. He had used the truck a few times in his business when the deep snow prevented its further operation, and having no garage, he left it standing in his father's yard, unprotected and exposed to the weather. The storage battery which came with the car had given out, and upon being taken down and examined at a local garage, proved worthless and was abandoned. December 14, 1922, the plaintiff having failed to make his December payment under the contract, the defendant repossessed itself of the truck, and four days later served notice of its intention to foreclose

the lease. Immediately thereafter the plaintiff disaffirmed the contract for the purchase of the truck and demanded a return of his initial payment. This suit followed.

The defendant pleaded the general issue, and for brief statement of its defense alleged that the truck was purchased for the purpose of use in the plaintiff's business, and was so used, and urges in argument that the truck is to be regarded as included in the term "necessaries." The defendant further, in its brief statement, sets up a claim of recoupment for the value of the beneficial use of the truck enjoyed by the minor, together with a claim for the amount of the depreciation in its value, due to the minor's neglect to properly house and protect it from the ravages of the winter's storms. A claim for the value of a storage battery and tools originally in the car is also made by the defendant. These contentions constitute the issues to be considered in this case.

A minor is bound by and cannot disaffirm his contract for necessaries such as food, clothing, lodging, medical attendance, and instruction suitable and requisite for the proper training and development of his mind. *Kilgore* v. *Rich*, 83 Maine, 305; *Robinson* v. *Weeks*, 56 Maine, 102. While the term "necessaries" is not confined merely to such things as are required for bare subsistence, and is held to include those things useful, suitable and necessary for the minor's support, use and comfort, it is limited in its inclusion to articles of personal use necessary for the support of the body and improvement of the mind of the infant, and is not extended to articles purchased for business purposes, even though the minor earns his living by the use of them, and has no other means of support. *Ryan* v. *Smith*, 165 Mass., 303; *McCarthy* v. *Henderson*, 138 Mass., 310; *Lein* v. *Centaur Motor Co.*, 194 Ill. A. 509; *House* v. *Alexander*, 105 Ind., 109; 14 R. C. L. 252. The law does not contemplate that a minor shall become the proprietor of a business which involves the making of a variety of contracts. *Merriam* v. *Cunningham*, 11 Cushing, (Mass.), 40. The Reo truck purchased by the plaintiff for use in the business of a sheet metal worker falls within this well-recognized rule.

If a minor receives property during his infancy under a voidable contract, and spends, consumes or destroys it, he may recover back the money he has paid under the contract, though he be unable to place the other party in statu quo, *Boody* v.*McKenney*, 23 Maine, 517; *Neilson* v. *International Text Book Company*, 106 Maine, 106. If,

however, any part of the property received or its substitute remains in the infant's possession or under his control, he must return it or account for it as a condition precedent to his recovery of the amount paid on account of its purchase. *Whitman* v. *Allen*, 123 Maine, 1. Depreciation in the value of the Reo truck, due to the plaintiff's misuse or neglect, is the result of the very improvidence and indiscretion of infancy, which the law has always in mind, and which he who deals with infancy must anticipate. To require the minor to restore the value of such depreciation as a prerequisite to his disaffirmance of the contract and recovery of his payments would be to deprive him of the protection which it is the policy of the law to afford him, and would violate the rule adopted in this State that the minor is not obliged to place the other party in statu quo. This claim arises out of the original contract of conditional sale, and even if in form ex delicto, cannot be allowed by way of recoupment. *Caswell* v. *Parker*, 96 Maine, 40; *Knudson* v. *General Motorcycle Sales Co., Inc.*, 230 Mass., 54.

The defendant's claim to recoup the reasonable value of the beneficial use of the truck while in the minor's possession is untenable. The use itself, including ordinary depreciation incidental to such use, being intangible, cannot be restored. The right to recover the value of such use, if it exists, rests on contract, express or implied, and a plea of infancy would bar a suit thereon unless the contract were duly ratified after the infant attained his majority, as required by R. S., Chap. 114, Sec. 2. A claim cannot be sustained by way of recoupment which could not be enforced by a direct suit.

Our view that neither the value of depreciation nor the value of beneficial use can be recovered from the minor by way of recoupment is in accord with the weight of authority. *McCarthy* v. *Henderson*, 138 Mass., 310; *Gillis* v. *Goodwin*, 180 Mass., 140; *Knudson* v. *General Motorcycle Sales Co., Inc.*, supra; *Hauser* v. *Marmon Chicago Co.*, 208 Ill. App., 171; *Storey & C. Piano Co.* v. *Davey*, 68 Ind. App., 150; *Reynolds* v. *Garber-Buick Co.*, 183 Mich., 157; *Price* v. *Furman*, 27 Vt., 268.

The duty of the plaintiff to restore the consideration received by him was fully met when the defendant repossessed itself of the truck. The storage battery had been destroyed, and no part of the truck or its equipment, including the tools, remained in the minor's possession

or under his control in original or substituted form.    We, therefore, think that the plaintiff should recover the amount of his payment under his contract of November 1, 1922.

> *Judgment for the plaintiff for $150.00 with interest from the date of the writ, with costs.*