SCHOENUNG, by guardian *ad litem,* Appellant, vs. GALLET, Administratrix, Respondent.

*October 14—November 10, 1931.*

*Anthony E. Madler* of Chilton, for the appellant.

For the respondent there was a brief by *Fox & Fox* of Chilton, and oral argument by *Leo P. Fox.*

FRITZ, J. The following are the controlling facts as established by undisputed evidence or as found by the trial court: On April 15, 1929, plaintiff, a minor, nineteen years of age, purchased from defendant an automobile for $300, for which he gave his judgment note for $250 and an automobile, which defendant accepted in trade at a valuation of $50. At that time plaintiff was an emancipated minor living with his parents on a farm, which was three miles from the city where he was employed at $75 per month in an implement business. His brother was a part owner of that business and plaintiff usually drove with him to and from work. He had been working for several years and had been permitted to keep his earnings, which he had used to provide his necessaries and to pay for two cheaper automobiles. Up to June 6, 1929, he had driven the automobile, which he had purchased on April 15, 1929, from six hundred to one thousand miles on pleasure trips and had used it occasionally in going to or from his work. On several occasions he had left it at defendant's garage for adjustments and repairs, for which no charges were made. On June 6, 1929, he restored the automobile to defendant by leaving it at defendant's garage, and he demanded the return of his note and his former automobile. Defendant refused to accept the returned automobile and the certificate of title thereto, and also refused to return plaintiff's note and his former automobile, which defendant had sold and which had been wrecked. Later on June 6th defendant removed the automobile, which plaintiff had returned, from defendant's garage to the public street in front of plaintiff's place of employment. A traffic officer ordered plaintiff to remove it from the street, and plaintiff then took it to his father's farm, where it has remained. Since then plaintiff offered it to defendant several times, but defendant refused to accept it. The terms of the purchase were fair and reasonable, and there was nothing wrong with the automobile when plaintiff returned it on June 6th. There is no evidence as to its value at that time.

The court concluded that the automobile was necessary to plaintiff to carry on his business and employment; that he was an emancipated minor and liable on his contract; and that he was not entitled to rescission and to recover his note and former automobile.

That plaintiff was an emancipated minor was immaterial as a matter of law in this action. Emancipation does not remove or affect a minor's incapacity to subject himself to contractual liability for things which are not necessaries. 14 Ruling Case Law, p. 219, § 6; 31 Corp. Jur. p. 1008, § 37; *Tyler v. Fleming,* 68 Mich. 185, 35 N. W. 902; *Person v. Chase,* 37 Vt. 647, 88 Am. Dec. 630; *Wickham v. Torley,* 136 Ga. 594, 71 S. E. 881; *Mast v. Strahan* (Tex. Civ. App. 1920) 225 S. W. 990; 113 Am. St. Rep. 121, notes. Consequently, plaintiff lacked capacity to contract for the purchase of this automobile, unless it was a necessary for him under the particular facts and circumstances of this case. In 31 Corp. Jur. p. 1077, § 175, it is said:

"The term 'necessaries,' as used in the law relating to the liability of infants therefor, is a relative term, somewhat flexible, except when applied to such things as are obviously requisite for the maintenance of existence, and depends on the social position and situation in life of the infant, as well as upon his own fortune and that of his parents. The particular infant must have an actual need for the articles furnished; not for mere ornament or pleasure. The articles must be useful and suitable, but they are not necessaries merely because useful or beneficial. Concerning the general character of the things furnished, to be necessaries the articles must supply the infant's personal needs, either those of his body or those of his mind. However, the term 'necessaries' is not confined to merely such things as are required for a bare subsistence. There is no positive rule by means of which it may be determined what are or what are not necessaries, for what may be considered necessary for one infant may not be necessaries for another infant whose state is different as to rank, social position, fortune, health, or other circumstances, the question being one to be determined from the particular facts and circumstances of each case."

To the same effect see, also, 14 Ruling Case Law, p. 257, § 34.

In *Covault v. Nevitt,* 157 Wis. 113, 146 N. W. 1115, the question arose as to whether a minor who owned real estate could contract for the employment of a janitor. This court said:

"It is clear that in the instant case the alleged contract could only be sustained, if at all, upon the ground that it was a contract for necessaries; and it is equally clear that such a contract is not a contract for necessaries. 22 Cyc. 584, 585; Hollingsworth, Contracts, p. 31; 16 Am. & Eng. Ency. of Law (2d ed.) 276. The general rule respecting necessaries is that they must be such as to supply the personal needs of the infant. *Tupper v. Cadwell,* 12 Met. 559, 562. Manifestly the contract in this case is not a contract for necessaries under which a liability could be enforced not for the benefit of the infant."

In *Wallace v. Newdale Furniture Co.* 188 Wis. 205, 205 N. W. 819, a minor sought to recover money which she had paid as part of the purchase price for furniture, which she used for keeping roomers, and then returned during her minority to the defendant. This court said:

"It has not been contended by counsel for the appellant that the articles purchased by the plaintiff were necessaries and that she could not rescind for that reason, nor would the argument be sound if made. The fact that a minor engages in business does not remove the incapacity to make general contracts, and, in the absence of statutes, purchases made in trade cannot be regarded as necessaries."

Although conditions and circumstances may exist because of which an automobile may be considered a necessary for a minor, it has thus far been held that a motor vehicle is not a necessary, and that his contract for the purchase thereof is voidable. *Arkansas Reo Motor Car Co. v. Goodlett,* 163 Ark. 35, 258 S. W. 975; *Maloney v. Perks,* 169 Ill. App. 227; *Lein v. Centaur Motor Co.* 194 Ill. App. 509; *Utterstrom v. Kidder,* 124 Me. 10, 124 Atl. 725; *Raymond v.*

*General Motorcycle Sales Co.* 230 Mass. 54, 119 N. E. 359; *Fulwiler Electric Co. v. Spann* (Tex. Civ. App. 1923) 252 S. W. 892; *Pyett v. Lampman,* 53 Ont. L. Rep. 149, 12 British Rul. Cas. 289. In the case last cited the court said:

"It is clear that the conclusion of the learned trial judge that the contract sued upon was one for the purchase of necessaries, and therefore one by which the infant was bound, is deduced from and based upon the finding of fact that the infant bought the car to enable him to go into the business of peddling fish, and to enable him quickly to obtain oil or gas for a tractor which he used on the farm of which he was a tenant. I am of opinion that these findings of fact do not justify the conclusion arrived at; for it is, I think, well established that the law considers that an infant has not sufficient discretion to carry on business or trade, and is not liable for goods supplied to him to enable him to carry on business or in the course of any trade or occupation; and that, therefore, the inquiry as to what is necessary to enable an infant to enter into or carry on a trade, occupation, or business is not relevant to the inquiry as to what is necessary for the well-being of an infant, treating the term 'necessaries' as a relative expression to be construed with reference to the infant's age, state, and degree."

In *Utterstrom v. Kidder, supra,* the court said:

"While the term 'necessaries' is not confined merely to such things as are required for bare subsistence, and is held to include those things useful, suitable, and necessary for the minor's support, use, and comfort, it is limited in its inclusion to articles of personal use necessary for the support of the body and improvement of the mind of the infant, and is not extended to articles purchased for business purposes, even though the minor earns his living by the use of them, and has no other means of support. *Ryan v. Smith,* 165 Mass. 303, 43 N. E. 109; *McCarthy v. Henderson,* 138 Mass. 310; *Lein v. Centaur Motor Co.* 194 Ill. App. 509; *House v. Alexander,* 105 Ind. 109, 4 N. E. 891, 55 Am. Rep. 189; 14 Ruling Case Law, p. 252. The law does not contemplate that a minor shall become the proprietor of a business which involves the making of a variety of contracts.

*Merriam v. Cunningham,* 11 Cush. (Mass.) 40. The Reo truck purchased by the plaintiff for use in the business of a sheet-metal worker falls within this well-recognized rule."

In the case at bar an automobile was not necessary for the personal use or support of plaintiff. The mere fact that his place of employment was three miles from the home of his parents, with whom he resided, did not necessitate his ownership of an automobile. That is particularly true in this case, because his brother's automobile was available for plaintiff to travel to and from his place of employment. Likewise, inasmuch as he lacked capacity to contract for an automobile for use in a business of his own, he was also thus incapacitated to contract for an automobile which he might occasionally have use for in performing his work for his employer.

It follows that when plaintiff, during his minority, restored that automobile and the certificate of title to the defendant, he was entitled to the return of his note and his former automobile, or the value thereof. *Wallace v. Newdale Furniture Co., supra; Utterstrom v. Kidder, supra;* 31 Corp. Jur. p. 1072, § 168. His demand in this action for the recovery, in the alternative, of $300 damages, if his note and former automobile could not be restored to him by the defendant, did not constitute a ratification of his voidable contract. He has not asked for performance thereof, but solely for restoration of what he parted with while incapable of entering into a contract in relation to the subject matter of the transaction.

On the other hand, his right to the restoration of his note and his automobile is not affected in this action by any possible right to an allowance to the defendant for depreciation, or for the use of defendant's automobile. In this case defendant asserted no such claim in his pleadings, and no evidence was introduced in support of any such claim. Con-

sequently, as this court said in *Wallace v. Newdale Furniture Co., supra,* p. 208:

"We are not called on to decide the question because there is no claim for such use or deterioration in the answer and for the stronger reason that no evidence was offered on the subject."

As plaintiff's former automobile has been wrecked and cannot be restored by defendant, he is liable for the value thereof, which is, presumably, the sum of $50 at which he valued it when he obtained it from plaintiff.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for the recovery by plaintiff of the sum of $50 with interest from June 6, 1929, and the surrender for cancellation of plaintiff's note for $250, dated April 15, 1929.