## MUTUAL LIFE INS. CO. OF NEW YORK v. SCHIAVONE.

### No. 5985.

Court of Appeals of the District of Columbia.

Decided May 28, 1934.

MARTIN, Chief Justice, dissenting.

Edmund B. Quiggle and John R. Yates, both of Washington, D. C., for plaintiff in error.

Henry A. Schweinhaut and J. Joseph Sheehan, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

The defendant in error, by his next friend, sued in the municipal court to recover $506.75, premium paid for an insurance on his life while he was an infant.

From a judgment in his favor for $336.90, as the amount actually paid by him, the plaintiff in error sues out this writ.

The infant will hereafter be called plaintiff and the insurance company defendant as they stood in the trial court.

On December 11, 1931, plaintiff, then 19 years old, applied to the defendant for a $25,000 insurance on his life for the benefit of his mother and sister, and for which a policy was issued December 14th. One month before the application his father, president of a Washington bank where plaintiff was employed, had died, leaving a will by which plaintiff, his mother, and sister, were equal beneficiaries of a trust fund of $100,000.

His only other resources were a salary of $80 per month from the bank and an agency for an insurance company producing sundry hopes at that time and little else thereafter.

The father's estate was soon found to be insolvent; the trust fund did not materialize; the bank closed; and the infant lost his employment, when the policy was seven months gone.

On December 28, 1932, the plaintiff repudiated his contract and demanded return of the premium paid, which was refused, and the suit followed.

At the trial it appeared that about one month after the date of the policy the plaintiff paid $202 of the $506 annual premium, by his check on a joint account opened by his mother with $3,000 of insurance money received by her upon the death of the father, while the infant's note for the balance of the premium, with interest, was thereafter reduced by three payments bringing his total payments on account of the policy up to $336.90.

At the end of the first year, by agreement, a dividend was applied to the first quarterly premium for the second year, and a balance of $8.75 paid to the plaintiff in cash, with the company still holding his note for the unpaid balance of the first year's premium.

In the District of Columbia an infant's contracts which appear upon their face to be to his prejudice are void, while his other contracts are voidable, except for necessaries furnished to him at fair prices.

And his inability to return the consideration and restore the status quo does not deprive him of his right to repudiate. MacGreal v. Taylor, 167 U. S. 688, 17 S. Ct. 961, 42 L. Ed. 326; Tucker v. Moreland, 10 Pet. 58, 9 L. Ed. 345; Gannon v. Manning, 42 App. D. C. 209.

Without intimating that a policy of insurance can never be a necessary for any infant, we think the facts here clearly show that this insurance was not a necessary for this infant.

It was an ordinary life policy with his mother and sister as beneficiaries, so that he must die before even they could benefit by the contract.

But there seems little contention that the insurance was a necessary, for the main reliance of the defendant is upon what it calls the equitable doctrine which it asserts was applied by the Supreme Court in Myers v. Hurley Motor Co., 273 U. S. 18, 47 S. Ct. 277, 279, 71 L. Ed. 515, 50 A. L. R. 1181, which went up from this court.

In that case the Supreme Court held that a vendor receiving back in a damaged condition a motor car sold to an infant in a sound condition, was entitled to recoup from the infant's claim for return of the purchase price the amount of damage done to the car by the infant, up to the extent of his claim for return.

In so holding, the court, when speaking of the principle that he who seeks equity must do equity, said:

"The maxim applies, at least, where there has been, as there was here, actual fraud on the part of the infant.

"When an infant of mature appearance, by false and fraudulent representations as to his age, has induced another person to sell and deliver property to him, it is against natural justice to permit the infant to recover money paid for the property without first compelling him to account for the injury which his deceit has inflicted upon the other person."

But in the present case, before the de-

fendant made the contract, it had received and considered the plaintiff's application in writing wherein he stated his age to be 19, and the difficulty of fact arises here from no fraud or misrepresentation of the infant in obtaining the contract, but from the failure of his resources thereafter.

And it is to be noted that on the facts in the Myers Case the Supreme Court held the infant accountable for the injury to the vendor, of which there was definite evidence, while in this case there is no such showing, relief being sought instead for an alleged benefit going to the infant from the contract.

But the cost to the company of carrying the risk is shown neither in the affidavit of defense nor in the stipulation of facts, in which respect it resembles Rice Auto Co. v. Spillman, 51 App. D. C. 378, 280 F. 452.

And the protection afforded the infant by the policy has no more merit as a benefit than the rent denied for the house occupied by the infant in Gannon v. Manning, 42 App. D. C. 206.

Even if the carrying charges to the company had been shown here, to allow them would be to hold that an infant is liable not only for necessaries, but for the cost price of purchases not necessary, so that an adult could knowingly sell anything to an infant, secure in the doctrine that if he fails to gain a profit, at least he cannot lose.

For the reasons stated, the judgment is affirmed with costs.

Simpson v. Prudential Insurance Co., 184 Mass. 348, 68 N. E. 673, 63 L. R. A. 741, 100 Am. St. Rep. 560; Prudential Life Insurance Co. v. Fuller, 29 Ohio Cir. Ct. R. 415; Flittner v. Equitable Life Assur. Society, 30 Cal. App. 209, 157 P. 630.

Affirmed.

MARTIN, Chief Justice (dissenting).

In this case the infant enjoyed the protection of the policy for a period of one year before he repudiated it. It seems to me to be "against natural justice" to allow him to recover the entire amount of the premium paid for the policy without deduction for the benefit accruing to him during the time when it was in force. Myers v. Hurley Motor Co., 273 U. S. 18, 47 S. Ct. 277, 71 L. Ed. 515, 50 A. L. R. 1181; Rice v. Butler, 160 N. Y. 578, 55 N. E. 275, 47 L. R. A. 303, 73 Am. St. Rep. 703; Rice Auto Co., Inc. v. Spillman, 51 App. D. C. 378, 280 F. 452; Adams v. Beall, 67 Md. 53, 8 A. 664, 1 Am. St. Rep. 379; Heath v. Stevens, 48 N. H. 251.