## UNITED STATES v. WILLIAMS.
### No. 5812.

Circuit Court of Appeals, Seventh Circuit.
Dec. 9, 1936.

Thomas E. Walsh, of Washington, D. C., and Michael L. Igoe, U. S. Atty., Edmond Sullivan, Asst. U. S. Atty., and Frederic Maughmer, Atty., Department of Justice, all of Chicago, Ill., for the United States.

Frank C. Wade, of Terre Haute, Ind., and W. J. Doyle, of Chicago, Ill., for appellee.

Before EVANS, Circuit Judge, and LINDLEY and BALTZELL, District Judges.

LINDLEY, District Judge.

The United States appeals from a judgment awarding war risk insurance benefits to the beneficiary in a contract of a deceased member of the Navy.

Benson Charles Williams, aged seventeen years, enlisted in the naval service January 13, 1919. On the same day he applied for and obtained a contract of war risk insurance in the principal sum of $10,000, in which appellee, his mother, was named as beneficiary. There was substantial evidence to sustain the finding of the District Court that at the time of his entry into the Navy there was written across the consent of the young man's parents to his enlistment a clause providing that such consent was given upon condition that he obtain and carry a $10,000 contract for war risk insurance in which his mother should be named as beneficiary. This consent, the court found, was executed by both parents in order to comply with the statute which provides that minors between the age of 14 and 18 shall not be enlisted for naval service without the consent of the parents or guardian. 34 U.S. C.A. § 161.

The premiums upon the insurance were paid by deductions from the salary or wages of the insured up to and including July, 1920. Thereafter no deductions were made, for on that date the insured requested cancellation of the policy. Early in the year of 1921 he sailed as a member of the crew of the U. S. S. Conastoga from San Francisco, Cal., for the Southern Pacific. The ship, its officers and the crew have not been heard from since. As a result, the insured was declared deceased, by the Navy Department, as of June 30, 1921.

Appellant contends that, because of the minor's attempted cancellation of the policy some months prior to his death, there is no liability. The insured died before reaching majority, and the direct question involved, therefore, is as to the effect of a minor's attempted cancellation of his insurance contract, under the specific facts involved. The government was charged with notice of his age and, by the terms of the instrument signed by his parents, of the fact that their consent to his enlistment was conditioned upon the issuance and maintenance of the insurance. In the face of notice of these facts, the government approved the minor's cancellation.

Under the law quite generally, a minor is without capacity to contract or take other legal action except for necessaries. His contracts are voidable, at the option of himself or parents. He himself may ratify any such voidable act upon reaching his majority, or he or his authorized representative or person in loco parentis may assert the voidability. Reliance upon the cancellation is in the nature of an assertion of estoppel against the beneficiary because of the action of the minor during his minority, but this is "but a claim that he has assented or contracted. But he can no more do that effectively than he can make the contract alleged to be confirmed." Myers v. Hurley Motor Co., Inc., 273 U.S. 18, 21, 47 S.Ct. 277, 278, 71 L.Ed. 515, 50 A.L.R. 1181. Assertion of estoppel by cancellation must in the very nature of things be the assertion of legal competency to perform legal acts such as the making of contracts; such acts may not be asserted against the minor to his prejudice. Mutual Life Insurance v. Schiavone, 63 App.D.C. 257, 71 F.(2d) 980, 94 A.L.R. 962.

The facts bring the question very closely to precedents where one party, having an insurable interest, obtains insurance upon another's life. Having an insurable interest and a property right in the resulting contract, such a party is protected against cancellation attempted by the insured, without notice to him. So, here, the mother gave the required consent to the services of her son in behalf of the government upon the express condition that the insurance, payable to her, be maintained. Consequently, the son and the government could not, by arrangement wholly between themselves, without notice to her, set at naught the specified condi-

tion. The government could not avail itself of the minor's services, to which it was entitled only if she so agreed, and at the same time ignore the condition upon which the agreement was obtained.

It follows, therefore, that the attempted cancellation of the minor was ineffective; that it was never ratified by himself after majority or by the beneficiary; that the government is charged with notice of his minority, the condition upon which his enlistment was accepted and the specified interest of his mother as beneficiary, expressly reserved in the consent to enlistment, and could not rightfully act upon the cancellation without notice to the beneficiary, but was bound, in the absence of such notice, to collect the premiums and maintain the policy by deductions from the insured's salary, as previously; and that, therefore, the insurance being in full force and effect at the time of the deceased's death, the beneficiary is entitled to recover.

It is said by appellant, however, that there is no evidence of wages due the insured from which the premiums could be deducted. Such assertion, it seems to us, is unsound. The insured remained in the service at all times during his lifetime after his enlistment. He became gunners' third mate. There was accrued salary due him at the time of his death, and it may not be asserted by the government in the face of these facts that there was no proof that he was earning nothing. It is at least a rebuttable presumption that his pay continued upon the same terms as previously and, in the absence of evidence rebutting such presumption, it must control.

It is said by appellant that the court is without jurisdiction, as the claim was not filed within the period required by statute. But the evidence discloses that appellee filed her claim originally in August, 1921, and that the final order denying same was issued by the administrator on November 5, 1932. True it is, that previously, in 1921, the director indicated that he was relying upon the cancellation, but we do not believe that his letter to this effect can be treated as final denial of the claim, for he said, "I shall be pleased to give further consideration to this claim." Presumably he was referring to the insurance claim. In the same letter he invited further correspondence relative to the claim. Thereafter at various times letters were written to Senator Lewis and Congressman Sproul with regard to the status of the case and finally, on November 5, 1932, the administrator denied the claim, adding, "You may consider such denial final for the purpose of instituting suit under section 19 of the World War Veterans' Act." Thus we take it that the claim was pending before the director from 1921 until its denial in 1932, and that under the statute the action was brought within the period allowed by section 445 of title 38 U.S.C.A., as amended.

Accordingly the judgment of the District Court is affirmed.