Pettingell, P. J.
Action of contract in which the plaintiff, alleged to be a minor, seeks to recover payments made by him on a contract for the repair of an automobile, the plaintiff having disaffirmed his contract. The defendants’ answer is a general denial and a denial that the plaintiff, was a minor when the contract was made; that the automobile, the subject of the contract was a necessary; ratification of the contract; estoppel to set up minority; that the plaintiff was acting for a third party.
At the trial there was evidence tending to show that the plaintiff placed the automobile in question, which he purchased in October 1946, with the defendants in November, 1946; that the defendants performed work and labor on it and furnished material for its repair; that there was evidence in the testimony of both the plaintiff and the defendant that the plaintiff said that he needed the automobile in his work, he being a spare fireman on the Boston & Maine *107 Railroad, being on call at any time day or night and used the automobile in answering these calls; that he did not enter upon the duties of these positions until February, 1947; that he disaffirmed the contract with the defendants about January 10, 1947, and demanded his money back which was refused him; that he also used the automobile for pleasure.
At the close of the trial and before the arguments, the defendants requested the following rulings:
"(1) An infant is liable for the fair and reasonable value of necessaries procured by him. Granted* (2) The evidence warrants a finding that the materials furnished and the labor performed by the defendants for the plaintiff were necessaries. Denied. I find and rule that the repairs upon this automobile were not necessaries for which a minor can be held responsible. Pyne v. Wood, 145 Mass. 558; Ryan v. Smith, 165 Mass. 303. (3) The evidence warrants a finding that the fair and reasonable value of the labor performed and the materials furnished to the plaintiff did not exceed the price charged by the defendant. Granted.”
The Court found the following facts:
“The plaintiff was born on July 12, 1926. He was, therefore, at the time the writ in the case was brought and at the time of all the acts in issue, a minor. He placed his automobile for repairs with the defendants in November, 1946. They furnished parts and did labor on the automobile and charged $230.67 which I find to be a fair and reasonable price for the repairs which were required. The plaintiff paid in advance $130.67 and when the job was completed wished to obtain the automobile. He was told he could not have it until he paid the balance which he did and took the automobile. He later disaffirmed the contract on the ground of his minority and demanded his money back which was refused. The plaintiff in October, 1946, *108 had applied for a job as a spare fireman on the Boston and Maine Railroad. At the time he purchased the automobile he had this job in mind. As a spare fireman he had no regular assignment but was on call at any time, day or night and used the automobile to respond to these calls. He did not enter upon the duties of this position until February, 1947. He also used the automobile for pleasure. On November 21, 1947, the Court found for the plaintiff for $235.00 with interest from date of writ.
“This report contains all the evidence material to the question reported.”
“The defendants claiming to be aggrieved by the disposition by the Court of their request for ruling numbered 2,1 hereby report the same to the Appellate Division for determination.”
In Gillis v. Goodwin, 180 Mass. 140, quoted in Knudson v. General Motor Sales Co., Inc., 230 Mass. 54, at 56, the plaintiff, a minor, sued to recover a contract for the sale and purchase of a bicycle. The court said “Whatever may be the law elsewhere . . . it is settled in this State that a minor can avoid a contract like that in this case and is not obliged to put the other party in status quo or allow anything for the rent and use of the property while in his possession.”
In this case the plaintiff was a minor when he paid for the repairs on his car and was when this suit was brought still a minor. His right to avoid his contract began during the minority. American Jurisprudence, Infants, § 38, p. 973; Knudson v. General Motor Sales Co., Inc., 230 Mass. 54, (two actions brought by next friends of the plaintiffs).
The only error which the defendants claim is the denial of the defendants’ second request which is: “The evidence warrants a finding that the materials furnished and the labor performed by the defendants for the plaintiff were necessaries.”-
*109 The contention of the defendants is that the automobile was necessary for the use of the plaintiff in getting to his work which came at irregular times and when called day or night. There was evidence, however, that he did not enter upon this work until February 1947 and that he disaffirmed his contract with the defendants and demanded his money back “about January 10, 1947.”
The defendants find the law for their contention upon the language of the court in Merriam v. Cunningham, 11 Cushing 40, at pps. 43 and 44. “The ruling of the court upon the question of necessaries was correct. It is the well settled rule that it is the province of the court to determine whether the articles sued for are within the class of necessaries and if so, it is the proper duty of the jury to pass upon the questions of the quantity, quality, and their adaptation to the condition and wants of the infant. ’ ’
The foregoing quotation is very far from being a statement that whether the articles in question are necessaries is a question of law. It should be read with the language of Shaw C. J. in Davis v. Caldwell, 12 Cushing 512, at 513, 514.
“This case has been argued as upon a statement of facts, supposing that a question of law only was submitted. But we think the parties have not furnished us with all the facts, necessary to the decision of the case. The only evidence relied on, to show that the goods supplied were necessaries, is, the concession of the defendant, that the goods enumerated and sued for, were supplied, and the fact, that from the nature of the goods, that they were proper and suitable to the use of a family, and that the defendant, though a minor, was married and a housekeeper. But it is also conceded, on the other side, that the defendant was under guardianship, and had property in the hands of his guardian, and that known to the plaintiff; but of what nature, to what amount, whether the guardian consented or declined to apply the property of the *110 ward to Ms necessary support, does not appear, and these are all important in determining the question, whether the articles were necessaries or not. The term ‘necessaries’, in this rule of law, is not used iu its strictest sense, nor limited to that which is required to sustain life. That which is proper and suitable to each individual, according to his circumstances and condition in life, are necessaries, if not supplied from some other source. But when suitable provision is made, by parent or guardian, or where, from any source, the wants of a minor are supplied, articles furnished by a trader to the minor, on his own credit, are not necessaries, and of this the trader must take notice and inform himself.
‘ ‘ From this view it necessarily follows, that in most cases, the question, whether necessaries or not, is a question of fact for the jury, depending on the circumstances; and the two principal circumstances are, whether the articles are suitable to the minor’s estate and condition, and whether he is, or not, without other means of supply. Hands v. Slaney, 8 T. R. 578. This subject has been fully discussed and considered in several modern cases. Peters v. Fleming, 6 Mees. & Welsb. 42. Two cases reported together, Wharton v. Mackenzie, and Cripps v. Hills, 5 Ad. & Ell. N. S. 606. In these cases, it is held, and we think this is the true view of the law on this subject, that whether the articles sued for, were necessaries or not, is a question of fact, to be submitted to a jury, unless in a very clear case, when a judge would be warranted in directing a jury authoritatively, that some articles, as for instance, diamonds or race-horses, cannot be necessaries for any minor.
“In the present case, not only the fact is not agreed, whether these articles were necessaries, but the circumstances are not agreed upon, from which an inference of fact, if we had authority to make such inference, could be drawn. We are, therefore, of opinion, that the agreed statement of facts must be discharged, and the case stand for trial. ’ ’
Reading Merriam v. Cunningham, supra, in connection with the language of Shaw, C. J., in Davis v. Caldwell, su *111 pra, we see that what the court was trying to say in the earlier case was that the court had a preliminary duty to decide whether or not the articles in question were or were not necessaries in themselves and that if they were, then the jury was to pass upon the further questions of fact whether in quantity, quality and adaptation to the wants of the infant they were actually necessaries in that particular case. In Davis v. Caldwell, supra, the court points out that diamonds and race horses cannot be necessaries for any minor. In Merriam v. Cunningham, supra, the plaintiff was suing for the board of four horses for six months. The court having made its preliminary decision that the articles sued for were within the class of necessaries, sent the case to the jury remarking, however, at page 44, that the keep of four horses for six months . . . could in no proper sense be deemed to be necessaries for which an infant could be held liable, and that “if the case had been submitted to the jury on this point and a verdict had been returned for the plaintiff, it would have been the duty of the court to set it aside.” Even if the opinion in Merriam v. Cunningham, supra, is to be interpreted as correctly stating the law, there was absolutely no evidence before the court in the instant case regarding the various circumstances under which the minor was living, whether at home, and to what extent his parent or guardian had supplied his wants, all of which are within the questions of fact which the jury has to find in such a case. Swift v. Bennett, 10 Cush. 436, at 437; Raynes v. Bennett, 114 Mass. 424, at 428. There was evidence that the work on the automobile was ordered done in November, 1946, on the theory that the plaintiff was going to need the automobile for a job which he hoped to get on the railroad; that in January, 1947, he disaffirmed the contract that he did not get the railroad job until February, 1947.
*112 The ease is in the class of the diamonds and race horses already referred to and if it was referred to a jury and the jury should on this evidence find a verdict for the defendants on the grounds that the repairs to the automobile constituted necessaries, there would appear to be ample grounds for setting aside such a verdict in absence of sufficient evidence of the minor’s circumstances, and of the usual support furnished him by his parents or guardian. The fact that an automobile could furnish and did furnish opportunities for pleasure and would constitute an invitation to expense that would make its possession an economic disaster would be a factor. We fail to see error in the denial of the second requested ruling. Report dismissed.

The trial court’s ruling and findings on each of the Defendants’ Requests for Rulings are printed in italics following the request.