### DAWSON v. FOX.

No. 754.

Municipal Court of Appeals for the District of Columbia.

Feb. 17, 1949.

Joseph H. Schneider, of Washington, D. C. (Ben Lindas, of Washington, D. C., on the brief), for appellant.

J. Robert Carey, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiff purchased from defendant a motor scooter, paying therefor $336.35. Approximately three weeks after its purchase the scooter was stolen from in front of plaintiff's home and has never been recovered. Thereafter plaintiff, through his mother as next friend, brought this action to recover the purchase price on the ground that at the time of the purchase and at the time suit was filed he was an infant. He obtained judgment for the full purchase price, and defendant has appealed.

Plaintiff was a little over nineteen years of age when he purchased the scooter. The trial court, which had heard the case without a jury, in a memorandum denying the motion for new trial indicated that it had found as a fact (1) that at the time of the transaction no reference was made by plaintiff to his age and no inquiry concerning it was made by defendant, (2) that the scooter was not a necessary for plaintiff, and (3) that plaintiff had not been emancipated. There was ample evidence to support these findings.

Appellant's first contention is that an infant cannot disaffirm his contract without first restoring the other party to the status quo. The settled authority in this jurisdiction is to the contrary. "The inability of the infant to place the other party in statu quo does not affect the right of disaffirmance." Gannon v. Manning, 42 App.D.C. 206, 209, citing MacGreal v. Taylor, 167 U.S. 688, 17 S.Ct. 961, 42 L.Ed. 326. Appellant argues, however, that the Supreme Court in Myers v. Hurley Motor Co., Inc., 273 U.S. 18, 26, 47 S.Ct. 277, 279, 71 L.Ed. 515, 50 A.L.R. 1181, ruled that actions of this sort are equitable in nature and are to be determined on equitable principles, and appellant says that equity requires that one who disaffirms a contract must restore the consideration he has received. We do not understand the Myers case to go that far. Its ruling appears to be confined to the following:

"When an infant of mature appearance, by false and fraudulent representations as to his age, has induced another person to sell and deliver property to him, it is against natural justice to permit the infant to recover money paid for the property without first compelling him to account for the injury which his deceit has inflicted upon the other person."

In the instant case the infant did not misrepresent his age, so there is no basis here for saying that appellant has been injured by any deceit on the infant's part. And the highest court of this jurisdiction has ruled that the Myers case does not make restoration a prerequisite to disaffirmance. In Mutual Life Ins. Co. of New York v. Schiavone, 63 App.D.C. 257, 258, 71 F.2d 980, 981, 94 A.L.R. 962, in which the Myers case was cited, it was held that an infant's "inability to return the consideration and restore the status quo does not deprive him of his right to repudiate."

It is unnecessary for us to decide whether under the Myers case appellant could have recouped against the infant's claim the value of the use of the scooter during the short time it was in possession of the infant, because appellant's answer did not raise this issue and no evidence was offered as to such value. Cf. Mutual Life Ins. Co. of New York v. Schiavone, supra, and Rice Auto Co. v. Spillman, 51 App.D.C. 378, 280 F. 452.

Appellant also contends that the trial court was in error in not holding that the scooter was a necessary, and in not holding that the infant had emancipated himself and was therefore liable on the contract. As already stated the trial court found adversely to appellant on these questions and was amply supported by the evidence in so finding. Furthermore, emancipation does not give an infant enlarged capacity to contract. Williston, Contracts § 225 (rev. ed.) ; Wickham v. Torley, 136 Ga. 594, 71 S.E. 881, 36 L.R.A.,N.S., 57; Schoenung v. Gallet, 206 Wis. 52, 238 N.W. 852, 78 A.L.R. 387.

Affirmed.